United States District Court
Southern District of Texas
FILED

FEB 1 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. __B-03-041__ |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees,

agents, and all those acting in concert or at their discretion, Petitioners herein, and pursuant to 28

U.S.C. Sections 1331 and 1441, files this their Notice of Removal and in connection therewith

would respectfully show the Court the following:

I.

1.     Petitioner is the named Defendant in a civil action now pending in the 357th

Judicial District Court in Cameron County, Texas, Cause Number 2002-07-2652-E, styled

***Salvador Acosta and Rigo De La Rosa vs. Santa Maria Independent School District, and***

***employees, agents and al those acting in concert or at their discretion***, wherein Plaintiffs seek

monetary and other relief for breach of contract and constitutional injuries sustained by Plaintiffs.

**NOTICE OF REMOVAL**
23131 - Removal -Fed.wpd

**PAGE 1**

2.    Plaintiffs in their First Amended Original Petition filed on or about February 10, 2003, has raised a federal question. Specifically, Plaintiffs allege that this cause of action involves violations of Plaintiffs' federal constitutional rights and statutory rights, including a violation of his freedom of speech and freedom of association under the U.S. Constitution.

3.    This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's First Amended Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.    Petitioner's time to answer or remove with respect to the Plaintiff's First Amended Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant SANTA MARIA INDEPENDENT SCHOOL DISTRICT on February 10, 2003.

5.    The matter in controversy exceeds the jurisdictional limits of this court.

6.    This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioners, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees, agents, and all those acting in concert or at their discretion, respectfully requests this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Santa Maria Independent School District

By: _____

ELIZABETH G. NEALLY
Federal ID No. 8044
State Bar No. 14840400

JEFFREY D. ROERIG
Federal ID No. 1503
State Bar No. 17161700

## VERIFICATION

THE STATE OF TEXAS   §
                     §
COUNTY OF CAMERON  §

I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for SANTA MARIA INDEPENDENT SCHOOL DISTRICT. Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ELIZABETH G. NEALLY

SUBSCRIBED AND SWORN TO BEFORE ME by the said ELIZABETH G. NEALLY, this 17th day of February, 2003, to certify which witness my hand and seal of office.



CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 01-21-05

_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel for Plaintiffs: Michael Pruneda, **The Pruneda Law Firm, P.L.L.C.**, 944 W. Nolana, Suite B, P. O. Box T, Pharr, Texas 78577-1220, on this 9th day of February, 2003

_____
ELIZABETH G. NEALLY

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEB 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. __B-03-041 1__ |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned, attorney of record for SANTA MARIA INDEPENDENT SCHOOL

DISTRICT, certifies that on February 18, 2003, a copy of the Notice of Removal of this action

was filed with the clerk of the 357th Judicial District Court of Cameron County, Texas, and that

written notice of filing of the Notice of Removal was mailed to the parties named above as

plaintiffs in this action or to their attorney of record. Attached to the notices were copies of the

Notice of Removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C.

§1446.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956: 542-0016

By:_____
ELIZABETH G. NEALLY
Texas Bar No. 14840400
Federal I. D. No. 8044

JEFFREY D. ROERIG
Federal ID No.1503
State Bar No.17161700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C
944 W. Nolana, Suite B
P. O. Box T
Pharr, Texas 78577-1220

on this 18th day of February, 2003.

ELIZABETH G. NEALLY

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | IN THE  DISTRICT COURT |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that SANTA MARIA INDEPENDENT SCHOOL DISTRICT,

Defendant herein, on the 17th day of February, 2003,  filed in the United States District Court

for the Southern District of Texas, Brownsville Division, a Notice of Removal of the above-styled

and numbered cause pursuant to 28 U.S.C. Sections 1441 and 1331.  A copy of said Notice of

Removal is attached hereto.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Santa Maria Independent School District

By:_____
    ELIZABETH G. NEALLY
    Federal ID No. 8044
    State Bar No. 14840400

    JEFFREY D. ROERIG
    Federal Bar No.1503
    State Bar No. 17161700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

J. Michael Pruneda
944 W. Nolana, Suite B
P. O. Box T
Pharr, Texas 78577-1220

on this 18th day of February, 2003.

ELIZABETH G. NEALLY

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig⁺⁺
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz⁺⁺
David G. Oliveira

**Cameron County Office**
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.⁺
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

⁺Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

⁺Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

February 18, 2003

File No. 23,131

TO:   **SALVADOR ACOSTA and**
      **RIGO DE LA ROSA**
      By and through their attorney of record:

      Michael Pruneda
      The Pruneda Law Firm, P.L.L.C
      944 W.  Nolana, Suite B
      P. O. Box T
      Pharr, Texas 78577-1220

## NOTICE OF REMOVAL

Please take notice that the civil action, in which you are named as plaintiffs, brought on

July 3, 2002 in the 357ᵗʰ Judicial District Court of Cameron Court of Cameron County, Texas

entitled **Salvador Acosta and Rigo De la Rosa vs. Santa Maria** *Independent School District,*

*and employees, agents and all those acting in concert or at their discretion*, Cause No. 2002-07-

2652-E has been removed from that court to the United States District Court for the Southern

District of Texas, Brownsville Division, effective today, February 18, 2002.  On this day, a

Notice of Removal has been filed with the clerk of the state court, effecting removal pursuant to

28 U.S.C. §1446.

NOTICE OF REMOVAL TO PLAINTIFF                                          **Page 1**

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel for Santa Maria Independent School District**

By:_____
      ELIZABETH G. NEALLY
      Federal ID No. 8044
      State Bar No. 14840400

      JEFFREY D. ROERIG
      Federal Bar No.1503
      State Bar No. 17161700

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees,

agents, and all those acting in concert or at their discretion, Petitioners herein, and pursuant to 28

U.S.C. Sections 1331 and 1441, files this their Notice of Removal and in connection therewith

would respectfully show the Court the following:

I.

1.      Petitioner is the named Defendant in a civil action now pending in the 357th

Judicial District Court in Cameron County, Texas, Cause Number 2002-07-2652-E, styled

*Salvador Acosta and Rigo De La Rosa vs. Santa Maria Independent School District, and*

*employees, agents and al those acting in concert or at their discretion*, wherein Plaintiffs seek

monetary and other relief for breach of contract and constitutional injuries sustained by Plaintiffs.

2.    Plaintiffs in their First Amended Original Petition filed on or about February 10, 2003, has raised a federal question.  Specifically, Plaintiffs allege that this cause of action involves violations of Plaintiffs' federal constitutional rights and statutory rights, including a violation of his freedom of speech and freedom of association under the U.S. Constitution.

3.    This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's First Amended Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.    Petitioner's time to answer or remove with respect to the Plaintiff's First Amended Original Petition has not expired.  Plaintiff's Original Petition was served on the Defendant SANTA MARIA INDEPENDENT SCHOOL DISTRICT on February 10, 2003.

5.    The matter in controversy exceeds the jurisdictional limits of this court.

6.    This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioners, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees, agents, and all those acting in concert or at their discretion, respectfully requests this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Santa Maria Independent School District

By: _____
    ELIZABETH G. NEALLY
    Federal ID No.8044
    State Bar No.14840400

    JEFFREY D. ROERIG
    Federal ID No.1503
    State Bar No. 17161700

## VERIFICATION

THE STATE OF TEXAS    §
                §
COUNTY OF CAMERON    §

    I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for SANTA MARIA INDEPENDENT SCHOOL DISTRICT. Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ELIZABETH G. NEALLY

    **SUBSCRIBED AND SWORN TO BEFORE ME** by the said ELIZABETH G. NEALLY, this 17th day of February, 2003, to certify which witness my hand and seal of office.



_____
Notary Public, State of Texas

CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 01-21-05

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel for Plaintiffs: Michael Pruneda, **The Pruneda Law Firm, P.L.L.C.**, 944 W. Nolana, Suite B, P. O. Box T, Pharr, Texas 78577-1220, on this 19th day of February, 2003

_____
ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. **B-03-041** |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## LIST OF COUNSEL OF RECORD

**ATTORNEY FOR PLAINTIFFS:**  Michael J. Pruneda
State Bar No. 24025601
Federal I.D. No. _____

**THE PRUNEDA LAW FIRM, P.L.L.C.**
944 W. Nolana, Suite "B"
P. O. Box T
Pharr, Texas 78577-1220
Telephone: (956) 702-9675
Facsimile: (956) 702-9659

**ATTORNEY FOR DEFENDANT:**  ELIZABETH G. NEALLY
State Bar No. 14840400
Federal I.D. No. 8044

JEFFREY D. ROERIG
Federal ID No.1503
State Bar No. 17161700

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **B-03-041** ⁊ |
| | § | |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## INDEX OF MATTERS FILED

**A.  STATE COURT DOCUMENTS**

1.  Civil Docket Sheet

2.  Plaintiffs' Original Petition

3.  Citation: Santa Maria Independent School District

4.  Defendant's Original Answer

5.  Plaintiffs' First Motion for Telephonic Docket Control

5a.  Order Setting Telephonic Docket Control Conference

6.  Defendant's Motion to Compel Plaintiffs' Responses to Interrogatories and Request for Production and Motion for Sanctions

6a.  Order Setting Hearing on Defendant's Motion to Compel Plaintiffs' Responses to Interrogatories and Request for Production and Motion for Sanctions

7.  Plaintiffs' Motion to Quash and Protective Order

7a.  Order Setting Hearing

8.  Rule 11 Agreement

9.  Filing Certificate of the Oral Deposition of Salvador Acosta

10.  Filing Certificate of the Oral Deposition of Rigo De La Rosa

11.   Defendant's Motion for Summary Judgment

12.   Plaintiffs' First Amended Original Petition

13.   Notice of Filing of Notice of Removal;
      State Cover Letter


**B.    FEDERAL COURT DOCUMENTS**

1.   Civil Cover Sheet

2.   Notice of Removal

3.   Certificate of Notice of Filing

4.   List of Counsel of Record

5.   Index of Matters Filed

6.   Order for Conference and Disclosure of Interested Parties

CERTIFIED COPY

PAGE: 01

2002-07-002652-E

07    03    02

30.00

* * * C L E R K ' S   E N T R I E S * * *

00596101
MICHAEL PRUNEDA
P.O. BOX T
PHARR, TEXAS          78577 0000

(10)

DAMAGES                                    30.00

THE PRUNEDA
LAW FIRM, L.L.C.

00003506
HON. ELIZABETH NEALLY
855 W. PRICE ROAD, SUITE 9
BROWNSVILLE TX          78520 8786

...GO DE LA ROSA

SCHOOL DISTRICT

| Date | Entry |
|---|---|
| 07/03/02 | ORIGINAL PETITION FILED |
| 07/03/02 | CITATION: SANTA MARIA INDEPENDENT SCHOOL DISTRICT SERVED: |
| 07/03/02 | JURY FEE: Pd. by MICHAEL PRUNEDA |
| 07/03/02 | ORIGINAL ANSWER: SANTA MARIA INDEPENDENT SCHOOL DISTRICT |
| 07/31/02 | PLAINTIFFS' FIRST MOTION FOR TELEPHONIC DOCKET CONTROL |
| 09/05/02 | CONFERENCE/C.OSTOS |
| 09/05/02 | DEFENDANT'S MOTION TO COMPEL |
| 10/25/02 | PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION AND MOTION |
| 10/25/02 | FOR SANCTIONS/C.OSTOS |
| 11/18/02 | PLAINTIFFS' MOTION TO QUASH AND PROTECTIVER ORDER/C.OSTOS |
| 01/15/03 | RULE 11 AGREEMENT/BMGARCIA |
| 01/24/03 | FILING CERTIFICATE OF THE ORAL DEPO OF SALVADOR ACOSTA. BMG |
| 01/24/03 | FILING CERTIFICATE OF THE ORAL DEPO OF RIGO DE LA ROSA. BMG |
| 02/07/03 | DEFT'S MOTION FOR SUMMARY JUDGMENT. BMGARCIA |
| 02/11/03 | PLTFS' FIRST AMENDED-ORIGINAL PETITION. BMGARCIA |
| 02/11/03 | PLTFS' REQUEST FOR JURY TRIAL. BMGARCIA |

OCKET CONTROL CONFERENCE SET FOR HEARING ON
@ 2:00 P.M. SIGNED FOR ENTRY. JROLVERA/C.OSTOS
OMPEL PLS' RESPONSE TO INTERROGATORIES AND REQUEST
TION & MTN FOR SANCTIONS IS SET FOR 01/16/2002
M. SIGNED FOR ENTRY. JROLVERA/C.OSTOS
QUASH AND FOR PROTECTIVE ORDER IS SET FOR HEARING
2003@ 9:00 A.M. SIGNED FOR ENTRY. JROLVERA/C.OSTOS
11 for cindy w/Jeff Roerig requesting to Pass
deft. Mtn to Compel will file Rule 11 agreement.
/esalas

CERTIFIED COPY

PAGE: 02

2002-07-002652-E

* * * C L E R K ' S   E N T R I E S * * *

IGO DE LA ROSA

00596101
MICHAEL PRUNEDA
P.O. BOX T
PHARR, TEXAS        78577 0000

07

(10)

SCHOOL DISTRICT

00003506
HON. ELIZABETH NEALLY
855 W. PRICE ROAD, SUITE 9
BROWNSVILLE TX        78520 8786

03

DAMAGES

30.00

02

THE PRUNEDA
LAW FIRM, L.L.L.C.



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____ DATE _____ DEPUTY

DISTRICT COURT
★ CAMERON COUNTY, TEXAS ★

CAUSE NO. 2002-07-2652-E

| | |
|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA ✦ | IN THE 357 DISTRICT COURT |
| ✦ | |
| ✦ | FILED 12:00 O'CLOCK P |
| ✦ | AURORA DE LA GARZA DIST. CLER |
| V. ✦ | |
| ✦ | JUL 0 3 2002 |
| ✦ OF | |
| SANTA MARIA INDEPENDENT SCHOOL ✦ | DISTRICT COURT OF CAMERON NTY, TEX. |
| DISTRICT *and employees, agents, and all those* ✦ | DEPUT |
| *acting in concert or at their discretion* ✦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS SALVADOR ACOSTA and RIGO DE LA ROSA (hereinafter referred to as "Plaintiffs"), complaining of SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendant"), and for such causes of action shows unto the court the following:

I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

II.
### PARTIES

Plaintiff, SALVADOR ACOSTA, is a resident of Cameron County, Texas.

Plaintiff, RIGO DE LA ROSA, is a resident of Cameron County, Texas.

Defendant, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, is a governmental entity in Texas operating under color of law that can be served by delivering citation to its superintendent Al Hernandez at P.O. Box 448, Santa Maria, Texas 78592 or wherever found.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

III.
### FACTUAL ALLEGATIONS

Plaintiffs were long-time loyal employees of Santa Maria I.S.D. that were dedicated and hard working employees. Despite Plaintiffs' performance, dedication, and efforts, Defendant failed to give Plaintiffs the opportunity to work free of political hostility, harassment, humiliation, and retaliation during their employment and continue in their positions. Ultimately, Plaintiffs were both

terminated for political reasons. Plaintiff De La Rosa was terminated on or about July 7, 2000 and Plaintiff Acosta was terminated on or about September 15, 2000.

Plaintiffs believe that following political changes on the Defendant's School Board, they were targeted by Defendant. Plaintiffs believe that the reasons given for their terminations were false and that that the true reasons were based on their political speech and associations.

As a result, Plaintiffs sue the Defendant for violation of their civil rights arising under the Constitution and laws of the sovereign state of Texas.

IV.
CONSTITUTIONAL CAUSE OF ACTION—
*FREE SPEECH & FREEDOM OF ASSOCIATION*

Plaintiffs allege that the Defendant's actions were committed with a deliberate indifference and were arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory which resulted in the denial of the Plaintiffs' civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiffs to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiffs speech and association.

V.
EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

VI.
JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

VII.
ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. In all reasonable probability, Plaintiffs will continue to suffer such for a long time into the future, if not for the balance of their natural lives. Such injury will likely exist for the remainder of Plaintiffs' lifetime. Plaintiffs seek to recover all damages to which they may be appropriately entitled and the court deems proper.

VIII.
INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant from

continuing with such actions and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant shall comply, follow, govern, and enforce such orders.

IX.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

X.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendant:

1.    Plaintiffs' Request for Disclosure to Defendant;

2.    Plaintiffs' First Set of Interrogatories to Defendant; and

3.    Plaintiffs' Request for Production to Defendant.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).    Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights; and

b).    such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CAUSE NO. 2002-07-2162-E

| | |
|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | IN THE 357 DISTRICT COURT |
| | |
| V. | |
| | OF |
| | |
| SANTA MARIA INDEPENDENT SCHOOL | |
| DISTRICT *and employees, agents, and all those* | |
| *acting in concert or at their discretion* | CAMERON COUNTY, TEXAS |

FILED ____ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

JUL 03 2002

DISTRICT COURT OF C...

## PLAINTIFFS' REQUEST FOR JURY TRIAL

COME NOW Plaintiffs, SALVADOR ACOSTA and RIGO DE LA ROSA, requesting that

a jury trial be held on said cause.  Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in

the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2002-07-002652-E

THE    STATE    OF    TEXAS

*COPY*
JUL 16 2002
BY: BR

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SANTA MARIA INDEPENDENT SCHOOL DISTRICT
SUPERINTENDENT AL HERNANDEZ
P.O. BOX 448
SANTA MARIA, TEXAS 78592
OR WHEREVER FOUND

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on JULY 03, 2002 .  A copy of same accompanies this citation.

the file number of said suit being No. 2002-07-002652-E.

the style of the case is:

SALVADOR ACOSTA AND RIGO DE LA ROSA
VS.
SANTA MARIA INDEPENDENT SCHOOL DISTRICT

aid petition was filed in said court by        MICHAEL PRUNEDA
Attorney for        PLAINTIFF        ), whose address is
.O. BOX T PHARR, TEXAS  78577

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 3rd day of JULY , A.D. 2002.

FILED _7:35_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

JUL 3 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | IN THE DISTRICT COURT |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | 357th JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees

agents and all those acting in concert or at their discretion,  Defendant in the above-styled and

numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and would show

the Court the following:

### I.

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs'

Original Petition, and demand strict proof thereof as required by law.

### II.

Defendant would further state that the Plaintiffs' claims are barred because the Plaintiff has

not complied with the mandatory notice requirements contained within the Texas Tort Claims Act.

No actual or constructive notice of Plaintiffs' claims were given to Defendant.

## III.

Defendant would further show that pursuant to the Texas Torts Claims Act, Section 101.051 that the School District is immune from all liability for tort actions except as to motor vehicles. The District is entitled to sovereign immunity as to the claims asserted in this lawsuit.

## IV.

The acts alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to the SANTA MARIA INDEPENDENT SCHOOL DISTRICT.

## V.

Defendant, SANTA MARIA I.S.D. is immune from liability under the doctrine of governmental or official immunity.

## VI.

The acts alleged are intentional acts for which SANTA MARIA INDEPENDENT SCHOOL DISTRICT would be immune under the Texas Tort Claims Act.

## VII.

Defendant would further show the Court that SANTA MARIA INDEPENDENT SCHOOL DISTRICT is a governmental entity and has sovereign immunity from any State law and common law torts.

## VIII.

Pursuant to the Texas Constitution and case law, Plaintiffs are limited solely to injunctive and declaration relief and are entitled to no monetary damages for their stated cause of action.

## IX.

Defendant would further show that both Plaintiffs, SALVADOR ACOSTA AND RIGO DE LA ROSA are at-will employees and may be terminated without cause.

## X.

Defendant SANTA MARIA I.S.D. hereby makes its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Cameron County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

**WHEREFORE, PREMISES CONSIDERED,** Defendant SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees, agents, and all those acting in concert or at their discretion, prays that Plaintiffs' suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Santa Maria Independent School District,**

By: _____
    Elizabeth G. NEALLY
    State of Texas Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer to Plaintiff's Original Petition, to counsel of record, via U.S. Postal Service, Certified, Return Receipt Requested to wit:.

Michael Pruneda
THE LAW FIRM OF MICHAEL PRUNEDA
P. O. Box T
Pharr, Texas 78577

on this _31_ day of July, 2002.

Elizabeth G. Neally

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST MOTION FOR TELEPHONIC
## DOCKET CONTROL CONFERENCE

NOW COME, PLAINTIFFS SALVADOR ACOSTA and RIGO DE LA ROSA,

and file this their Motion for Telephonic Docket Control Conference in the above numbered

and styled cause and requests that the court set a Docket Control Conference in the very near

future convenient to the court's docket.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 3 day of September, 2002.

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Michael Pruneda

CAUSE NO. 2002-07-2652-E

| SALVADOR ACOSTA and RIGO DE LA ROSA | ◆ | IN THE 357th DISTRICT COURT |
| | ◆ | |
| v. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| SANTA MARIA INDEPENDENT SCHOOL | ◆ | |
| DISTRICT *and employees, agents, and all those* | ◆ | |
| *acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

# ORDER SETTING TELEPHONIC
# DOCKET CONTROL CONFERENCE

IT IS ORDERED that a Telephonic Docket Control Conference is hereby set for

hearing on the _____ day of _____, 2002 at _____ o'clock ___.m. with the

357th Judicial District Court of Cameron, Texas.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this

hearing.

Signed on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786



CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE <u>357</u><sup>th</sup> DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

## ORDER SETTING TELEPHONIC
## DOCKET CONTROL CONFERENCE

     IT IS ORDERED that a Telephonic Docket Control Conference is hereby set for

hearing on the __9th__ day of __October__, 2002 at __2:00__ o'clock __p__.m. with the

357th Judicial District Court of Cameron, Texas.

     IT IS FURTHER ORDERED that the clerk of this court notify all parties of this

hearing.

     Signed on this __10th__ day of __September__, 2002.

                    _____
                    JUDGE PRESIDING

SEP 11 2002

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

FILED __4:00__ O'CLOCK __P__M
AURORA DE LA GARZA DIST. CLERK

SEP 10 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | IN THE DISTRICT COURT |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | 357th JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |

---

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES
TO INTERROGATORIES AND REQUEST FOR PRODUCTION
AND MOTION FOR SANCTIONS**

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

OCT 25 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

---

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** SANTA ROSA I.S.D., and employees, agents and all those acting in concert or at their discretion, Defendant in the above-styled and numbered cause and files this its Motion to Compel Plaintiffs' Responses to Defendant's First Request for Production and Answers to Defendant's First Set of Interrogatories to Plaintiff, and Motion for Sanctions, and in support thereof would respectfully show the Court as follows:

**I.**

Plaintiffs filed their Original Petition for injuries and damages allegedly sustained on as a result of their employment with Santa Maria Independent School District.

**II.**

Defendant served its First Set of Interrogatories and First Request for Production upon Plaintiffs pursuant to the Texas Rules of Civil Procedure, and Plaintiffs responded to same in a timely fashion, copies of which are attached hereto as Exhibit "A."

Defendant conferred with Plaintiffs by correspondence of September 26, 2002, requesting that Plaintiffs remove their objections and answer its First Set of Interrogatories and respond to its Request For Production. A copy of the letter is attached as Exhibit "B". To date, Plaintiffs have failed to answer the requested interrogatories and failed to produce any document in response to Defendant's request for production.

Therefore, Defendant requests that the court order Plaintiffs to answer Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15 served by Defendant, and each request for production propounded upon Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Third-Party Defendant requests that an order setting a hearing on this Motion be issued; that parties take notice of the Motion and order; that upon hearing this matter the Court enter an Order compelling Plaintiff to answer Defendants' interrogatories and respond to its Request for Production, and an order imposing such sanctions on Plaintiff as are just and equitable, further and other relief upon which the court deems appropriate.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Defendant

By: _____
Elizabeth G. Neally
State Bar No. 14840400

## CERTIFICATE OF CONSULTATION

I, Elizabeth G. Neally, pursuant to Rule 191.2 of the Texas Rules of Civil Procedure hereby certify that reasonable attempt to resolve the dispute of the Plaintiff's Answers to Interrogatories, and Responses to Request for Production without court intervention and the effort failed.  See Exhibit "B" attached hereto.

Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Compel Plaintiffs' Answers to Interrogatories and Responses to Request for Production has been served via United States Postal Service, Certified Mail, Return Receipt Requested to wit:

Michael Pruneda
**Michael Pruneda Law Firm**
P. O. Box T
Pharr, TX 78577

on this _____ day of October, 2002.

Elizabeth G. Neally

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

**PLAINTIFFS' ANSWERS TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

TO:    Defendant by and through its attorneys of record:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

COME NOW, Plaintiffs SALVADOR ACOSTA and RIGO DE LA ROSA, responding to

Defendant's first set of interrogatories pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 18 day of September, 2002:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Michael Pruneda

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify yourself fully by stating your full name together with all aliases you have gone by, your date and place of birth, social security number, Texas driver's license number, residence address and telephone and facsimile number.

**ANSWER:**

Salvador Acosta
P.O. Box 293
Santa Maria, TX 78592
797-4782
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
12/22/63, San Benito, Texas
T.D.L. 09889400

Rigomar De La Rosa
P.O. Box 503
Santa Maria, TX 78592
797-4051

**INTERROGATORY NO. 2:**

State your educational background, along with the names of schools attended, dates of attendance, and degrees received.

**ANSWER:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**INTERROGATORY NO. 3:**

Are you currently employed? If so, please state the name and address of your employer, your job title, your current placement, your supervisor's name, the nature of your duties, your current salary, and the date you were hired.

**ANSWER:**

Plaintiff Acosta is not currently employed. Plaintiff De La Rosa is currently employed with U.S. Customs and is stationed in Hidalgo, Texas.

## INTERROGATORY NO. 4:

Please state the names and addresses of each person or organization by whom or with which you have been employed for the time period from 1992 until the trial of this matter, and with respect to each, state: the beginning and ending dates of each employment, the nature of your work and duties, your supervisor's name, your ending salary for each employment, and the reason for leaving (i.e. terminated ,resigned etc.), and if you were terminated, give the reasoning behind each termination. If you have been self-employed, indicate the name and nature of your business and your earnings while self-employed.

## ANSWER:

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1.

## INTERROGATORY NO. 5:

Have you ever been arrested, indicted, convicted, or given a military discharge other than honorable for the attempt or commission of a felony or any crime of moral turpitude? If so, please give full details as to each occurrence, disciplinary action taken, including incarceration or sentence imposed, if any.

## ANSWER:

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request invades the party's personal, constitutional, or property rights. TRCP 192,6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988).

## INTERROGATORY NO. 6:

Please identify the names of all medical providers, psychiatrists, clergy, counselors, therapists, who have provided medical/psychiatric treatment to you in the last 10 years.

## ANSWER:

Objection. Such request seeks information that at the time is not reasonably available to Plaintiffs. TRCP 193.1. Without waiving the preceding, Plaintiffs will supplement responsive information, if any, when gathered.

## INTERROGATORY NO. 7:

Please state any facts supporting Plaintiff's claim that Plaintiff was retaliated and discriminated against for making or filing a charge or complaint.

## ANSWER:

Objection. This request lacks specificity and is so vague and unclear that the party has no means to identify the information requested. *Davis v. Pate*, 915 S.W.2d 76, 79 n.2 (Tex.App.—Corpus Christi 1996, orig. proceeding). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. Without waiving the preceding, Plaintiffs' believe that decisions relating to their employment were based to an impermissible extent on their political speech and associations.

## INTERROGATORY NO. 8:

Please state any and all facts supporting Plaintiff's claim that Defendant failed to give Plaintiffs the opportunity to work free of political hostility, harassment, humiliation, and retaliation during their employment and continue in their positions as alleged in Plaintiff's Original Petition, Section III.

## ANSWER:

Objection. Such request seeks a narrative response. Without waiving the preceding, Plaintiffs' believe that their political activities, associations, and preferences resulted in adverse employment decisions and unfair treatment during their employment that ultimately resulted in their unlawful firing in violation of their constitutional rights.

## INTERROGATORY NO. 9:

Please explain the "political speech and associations" that you were involved in that make you believe that Santa Maria Independent School District terminated your employment as alleged in Section III, and IV of Plaintiff's Original Petition.

## ANSWER:

Objection. Such request seeks a narrative response. Without waiving the preceding, Plaintiffs' and their families were politically active in their communities and supported certain political candidates. Plaintiffs' believe that their political activities, associations, and preferences resulted in adverse employment decisions and unfair treatment during their employment that ultimately resulted in their unlawful firing in violation of their constitutional rights.

## INTERROGATORY NO. 10:

Please state any and all facts supporting Plaintiff's claim that he has "suffered from an infringement of [his] civil rights", past and future, and specify the amounts he is claiming as alleged in Section VII of Plaintiff's Original Petition.

## ANSWER:

Objection. Such request seeks a narrative response. Without waiving the preceding, Plaintiffs' and their families were politically active in their communities and supported certain political candidates. Plaintiffs' believe that their political activities, associations, and preferences resulted in adverse employment decisions and unfair treatment during their employment that ultimately resulted in their unlawful firing in violation of their constitutional rights. Such unfair treatment and loss of employment resulted in damages that were both economic and mental in nature. Plaintiffs' seek any and all appropriate relief to which they are entitled and deemed proper by the court.

## INTERROGATORY NO. 11:

If you have ever made, discussed, filed, or threatened to make or file any demand letters, claims, and/or lawsuits (other than this lawsuit) alleging libel, slander, defamation, retaliation, any type of employment

discrimination (whether sex, race, age, disability, religion or otherwise), sexual harassment, mental anguish, personal injuries, impaired work capacity, lost earning capacity, past or future lost wages, worker's compensation claims, bodily injuries, wrongful discharge, workers' compensation retaliation, unlawful discharge for whistleblowing or refusing to perform an illegal act, assault, battery, or invasion of privacy by an employer or its employees, agents, customers, supervisors, shareholders, officers or directors, then with respect to each claim or lawsuit please identify each person, corporation, or other entity against whom a claim and/or lawsuit was made, discussed, threatened, or filed.

**ANSWER:**

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney,* 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury,* 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals,* 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals,* 756 S.W.2d 723 (Tex.1988).

**INTERROGATORY NO. 12:**

Please describe each element of the damages you are seeking in this lawsuit, describing in detail your calculations, the basis of those damages calculations, and the amounts in dollars and cents that you are seeking to recover in this lawsuit.

NOTE: This Interrogatory includes all elements of damages you have allegedly suffered as a result of your employment with or separation from Defendant, or for which you have pled in this lawsuit, including, but not limited to, back wages, future lost wages, mental anguish, medical bills, doctor's bills, lost benefits, prescriptions, liquidated damages, reasonable attorneys' fees, medical expenses, court costs, and punitive damages.

**ANSWER:**

Objection. Such request seeks a narrative response. Without waiving the foregoing, Plaintiffs' seek any and all appropriate relief to which they may be entitled and the court deems proper. Such includes damages for loss of earnings and earning capacity in the past and future, mental anguish, and a recovery of all compensatory and consequential damages associated with such unlawful actions taken against them.

**INTERROGATORY NO. 13:**

Regarding every person, company and/or entity to whom you have applied for employment since the date your employment with Defendant ended, state the name of the entity or person, the date you applied, to whom you applied, the nature of the application (phone, letter, interview, etc.), and the position for which you applied.

**ANSWER:**

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney,* 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury,* 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals,* 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals,* 756 S.W.2d 723

(Tex.1988). Without waiving the preceding, Plaintiffs' will supplement responsive information, if any, when gathered.

## INTERROGATORY NO. 14:

Since the date your employment with Defendant ended, if you have received any income, compensation, government benefits, salary, wages, tips, gifts, health insurance payments, early retirement benefits, social security benefits, unemployment compensation payments, workers' compensation payments, disability benefits, or benefits or remuneration of any kind whatsoever, identify each source of such income or benefits and state the total amount of income or benefits received.

## ANSWER:

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). Without waiving the preceding, Plaintiffs' will supplement responsive information, if any, when gathered.

## INTERROGATORY NO. 15:

If at any time since the date your employment with Defendant ended, you have been unable to work because of a physical and/or mental injury, illness or disability of any kind whatsoever, state the dates during which you could not work and briefly describe the nature of the injury, illness, or disability.

## ANSWER:

Objection. This request is unduly burdensome, overly broad, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). Without waiving the preceding, Plaintiffs' will supplement responsive information, if any, when gathered.

## VERIFICATION

THE STATE OF TEXAS                    •

COUNTY OF CAMERON                     •

    BEFORE ME, the undersigned Notary Public, on this day personally appeared, RIGO DE LA

ROSA, known by me to be the person whose name is subscribed to the foregoing instrument and, after

being by me duly sworn, deposed stated that he is the person whose signature appears below, and that he

has read the response to his interrogatories and that they are true and correct and within his personal

knowledge.

_____
RIGO DE LA ROSA

    SUBSCRIBED AND SWORN TO BEFORE ME on the 17 day of September, 2002, to
certify which witness my hand and official seal.

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

Melissa A. Aleman
(Printed Name of Notary Public)

My Commission Expires on:

04-17-2006

MELISSA A ALEMAN
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-17-2006

<u>**VERIFICATION**</u>

THE STATE OF TEXAS

COUNTY OF CAMERON

    BEFORE ME, the undersigned Notary Public, on this day personally appeared, SALVADOR

ACOSTA, known by me to be the person whose name is subscribed to the foregoing instrument and, after

being by me duly sworn, deposed stated that he is the person whose signature appears below, and that he

has read the response to his interrogatories and that they are true and correct and within his personal

knowledge.

                                                           SALVADOR ACOSTA

    SUBSCRIBED AND SWORN TO BEFORE ME on the 17 day of September, 2002, to
certify which witness my hand and official seal.

                                    Melissa A. Aleman
                                    NOTARY PUBLIC IN AND
                                    FOR THE STATE OF TEXAS

                                    Melissa A Aleman
                                    (Printed Name of Notary Public)

MELISSA A ALEMAN
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-17-2006

                                    My Commission Expires on:

                                    04-17-2006

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ◆ | IN THE <u>357th</u> DISTRICT COURT |
| | ◆ | |
| v. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| SANTA MARIA INDEPENDENT SCHOOL | ◆ | |
| DISTRICT *and employees, agents, and all those* | ◆ | |
| *acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' RESPONSES TO DEFENDANT'S
### FIRST REQUEST FOR PRODUCTION

TO:    Defendant by and through its attorneys of record:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

COME NOW, Plaintiffs SALVADOR ACOSTA and RIGO DE LA ROSA, responding to

Defendant's first request for production pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By:

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 18 day of September , 2002:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Michael Pruneda

<u>PRODUCTION</u>

**REQUEST FOR PRODUCTION NO.1**

Please produce any complaints and related documents filed by the Plaintiff with state or federal agencies within the last ten years.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO. 21:**

Please produce any documents submitted to an administrative agency.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO.3**

Please produce any documents referenced in the plaintiff's complaint.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding). Without waiving the preceding, no documents are referenced in Plaintiffs' complaint.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any documents constituting handbooks, benefit descriptions, policy statements, agreements, letters, memoranda, notes or documents received by the plaintiff from the defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents that constitute contracts, agreements or understandings between the plaintiff and the defendant.

**RESPONSE:**

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding). Without waiving the preceding, none.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents reflecting Plaintiff filed a grievance or complaint with Santa Maria Independent School District pursuant to Santa Maria Independent School District's policies and procedures regarding the complaints made in this lawsuit.

**RESPONSE:**

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO.7:**

Please produce all letters, memoranda or notes transmitted by the plaintiff to the defendant

**RESPONSE:**

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding). Without waiving the preceding, none.

**REQUEST FOR PRODUCTION NO.8**

Please produce all documents evidencing communications, whether oral or written, between the defendant and the plaintiff;

**RESPONSE:**

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all diaries, calendars, logs and personal recordings prepared by the plaintiff from the beginning of his employment with the defendant to the present.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all resumes prepared by the plaintiff from the beginning of his employment with the defendant to the present.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO. 11**

Please produce any applications for employment you have made since your employment with Defendant ended.

**RESPONSE:**

Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any resumes, applications, letters, or documents you provided to any potential employer, headhunter or employment agency since your employment with Defendant ended.

**RESPONSE:**

Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered.

**REQUEST FOR PRODUCTION NO. 13**

Please produce any application forms, business cards, post cards, letters or documents you received from any potential employer, headhunter or employment agency since your employment with Defendant ended.

**RESPONSE:**

       Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all rejection letters, letters responding to applications and any other simlar documents that you received from any person or entity to whom you have applied for employment since your employment with Defendant ended.

**RESPONSE:**

       Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all letters or other similar documents offering you employment that you have received from any person or entity since your employment with Defendant ended.

**RESPONSE:**

       Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce the log of employment applications and/or interviews that the Texas Workforce Commission had you complete to receive unemployment compensation benefits, after your employment with Defendant ended.

**RESPONSE:**

       Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, any responsive information, if any, will be supplemented when gathered. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding).

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all documents, correspondence, memoranda or other documents evidencing that your were retaliated against.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 18:

Please produce any and all documents evidencing that Plaintiff was deprived of his rights, his freedom of speech, political expression, political affiliation and association as alleged in Plaintiff's Original Petition, Section IV.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 19:

Please produce your income tax returns or financial statements, including all schedules, all W-2s and all other attachments for each of the past five (5) years through the date of the trial of this lawsuit.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. Such request is overly broad, unduly burdensome, and harassing. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3.

REQUEST FOR PRODUCTION NO. 20:

Please produce all documents evidencing that plaintiff exhausted his administrative remedies.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 21:

Please produce all petitions or complaints ever filed on your behalf (other than this lawsuit) alleging that you sustained any bodily injuries, mental anguish or personal injuries.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843

S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1.The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14ʰ Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all petitions or lawsuits ever filed on your behalf (other than this lawsuit) alleging that an employer or its employees, officers, directors, supervisors, agents, customers or shareholders discriminated against you in any way, harassed you in any way, or mistreated you III any way.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1.The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14ʰ Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all evidence that Defendants acted in a civil conspiracy or conspired to illegally commit such acts to cause injury to Plaintiff.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all attorney records evidencing attorney fees incurred in the prosecution of this claim.

**RESPONSE:**

Objection. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El Paso 1986). Such request is attorney-client privileged, confidential, and attorney-work product. Without waiving the preceding, an itemization of attorney fees will be provided when gathered and prior to trial.

**REQUEST FOR PRODUCTION NO. 25:**

Please provide copies of all documents which you intend to produce as exhibits at the trial of this cause.

RESPONSE:

Plaintiffs will provide any documents to be used at trial when gathered and when discovery is complete.

REQUEST FOR PRODUCTION NO. 26:

Please produce any and all documents that Plaintiff has filed with the EEOC and the Texas Commission on Human Rights or any other State agency regarding your complaints.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1.The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 27:

Any and all photographs, videotapes or other pictoral evidence which are relevant to the subject matter of the present proceeding.

RESPONSE:

None at this time.

REQUEST FOR PRODUCTION NO. 28:

Please produce any and all evidence that Plaintiff sought medical treatment and incurred medical expenses as a result of Plaintiff's claims.

RESPONSE:

Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1

REQUEST FOR PRODUCTION NO. 29:

Please produce any and all evidence of harassment by other employees.

RESPONSE:

Objection. Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1

REQUEST FOR PRODUCTION NO. 30:

Please produce any and all documents that Plaintiff has in his possession or will rely on that procedures were violated in handling Plaintiffs claims.

RESPONSE:

Objection. Such request seeks information that at the time is not reasonably available to Plaintiff.

TRCP 193.1

REQUEST FOR PRODUCTION NO. 31;

Please produce an executed medical authorization form enclosed herewith.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, such request is global and not limited in time.

REQUEST FOR PRODUCTION NO. 32:

Please produce an executed form 4506 (Federal Income Tax) original signature please.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, such request is global and not limited in time.

REQUEST FOR PRODUCTION NO. 33:

Please produce an executed personnel records authorization attached hereto for your convenience.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso

1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, such request is global and not limited in time.

REQUEST FOR PRODUCTION NO. 34:

Please produce any and all evidence of your compensatory damages and injuries along with any exemplary damages as alleged in Plaintiffs Original Complaint.

RESPONSE:

Plaintiffs' will provide any responsive information prior to trial when gathered and made available top them.

REQUEST FOR PRODUCTION NO. 35:

Please produce any documents or computer discs reflecting that the School District committed harassment against Plaintiff or any other person.

RESPONSE:

Plaintiffs' will provide any responsive information prior to trial when gathered and made available top them.

REQUEST FOR PRODUCTION NO. 36:

Please produce all evidence, documents, computer discs, reflecting any adverse employment action taken against Plaintiff.

RESPONSE:

Plaintiffs' will provide any responsive information prior to trial when gathered and made available top them.

REQUEST FOR PRODUCTION NO. 37:

Please provide any tangible evidence supporting the date, place or person to whom you first made a complaint of harassment by Santa Maria Independent School District.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 38:

Please produce all newspaper ads, want-ads, magazines, job postings, job listings or other documents you read in an attempt to find other work after your employment with Defendant ended.

RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843

S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986).

REQUEST FOR PRODUCTION 39:

Please produce all documents you have provided to the Texas Workforce Commission regarding your employment with and/or separation from Defendant.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 40:

Please produce all documents you received from the Texas Workforce Commission regarding your employment with and/or separation from Defendant.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 41:

Please produce all letters, statements, press releases or other documents you provided to any newspaper, radio, television or other media entity regarding your employment with or separation from Defendant.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

REQUEST FOR PRODUCTION NO. 42:

Please provide all forms, applications, questionnaires, complaints, filings or other documents you completed or provided to the Texas Commission on Human Rights or Equal Employment Opportunity Commission regarding your employment with or separation from Defendant.

RESPONSE:

Objection. The information requested is equally available to Defendant. TRCP 197.2(c); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 641 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The request seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a); *Crown Cent. Pet. Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex.1995); *In re Arras*, 24 S.W.3d 862, 864 (Tex.App.—El Paso 2000, orig. proceeding)

## REQUEST FOR PRODUCTION NO. 43:

Please produce all personnel files and personnel records concerning your employment with each employer you were employed by during the last fifteen (15) years to the present.

## RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El Paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1.

## REQUEST FOR PRODUCTION NO. 44:

Please produce your social security card or a photocopy of same.

## RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1.

## REQUEST FOR PRODUCTION NO. 45:

Please produce your driver's license or a photocopy of same.

## RESPONSE:

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5th Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce every written complaint you filed with any person or entity in the last fifteen (15) years against any of your employers, supervisors or co-employees.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce a completed, signed and notarized original of the attached form for release of Texas Workforce Commission records, attached to this Request for Production.

**RESPONSE:**

Objection. This request asks for information that is not relevant and that will not lead to admissible evidence. TRCP 192.3(a); *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 553 (Tex.1990); *Martin v. Khoury*, 843 S.W.2d 163, 165-67 (Tex.App.—Texarkana 1992, orig. proceeding). This request is unduly burdensome, harassing, and annoying. TRCP 176.7, TRCP 192.6(a), TRCP 191.3(c)(3), TRCP 199.5(h), TRCP 215.3. The request invades the party's personal, constitutional, or property rights. TRCP 192.6(b); *Hoffman v. 5ᵗʰ Ct. of Appeals*, 756 S.W.2d 723 (Tex.1988). This request seeks information outside the permissible scope of discovery. TRCP 197.1; TRCP 194; TRCP 195.1. The interrogatory requests information that is privileged from discovery. TRCP 193.3; TRCP 193.2(f); *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex.App.—El paso 1986). Such request seeks information that at the time is not reasonably available to Plaintiff. TRCP 193.1. Without waiving the preceding, such request is global and not limited in time.

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig◇+
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*+
David G. Oliveira

Cameron County Office
855 West Price Road – Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
505 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.+
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*

Liza M. Vasquez*

◇Board Certified –
  Personal Injury Trial Law
  Texas Board of Legal Specialization

◆Board Certified –
  Civil Trial Law
  Texas Board of Legal Specialization

September 26, 2002

File No.: 23,131

Mr. Michael Pruneda
Michael Pruneda Law Firm
P. O. Box T
Pharr, Texas 78577

Certified Article Number

7160 3901 9844 7054 6873

SENDERS RECORD

Re:    **Salvador Acosta and Rigo De La Rosa vs. Santa Maria I.S.D.**
       357th Judicial District Court of Cameron County, Texas
       Cause No.2002-07-2652-E

Dear Mr. Pruneda:

On August 19, 2002, Defendant's First Set of Interrogatories and Defendant's Request for Production were served upon you.   We received Plaintiffs' Responses to Defendant's First Request for Production and Plaintiffs' Answers to Defendants' First Set of Interrogatories however, the answers and responses or incomplete and evasive.

Defendants' Request for Production Nos. 4 and 17 were neither objected to nor were the requested documents provided.    Therefore, please provide these documents within ten days of receipt of this letter.

Further, Plaintiffs have objected to every one of the Request for Productions, with the exception of Nos. 4 and 17 as stated above.  Plaintiffs' objections are invalid; therefore, please amend Plaintiffs' responses and produce the requested documents within ten days of receipt of this letter.

With regard to Plaintiffs' Answers to Defendants' Interrogatory No. 1,  Plaintiff Rigomar de la Rosa fails to give his date of birth, social security number, and his Texas driver's licence number.

Interrogatory No. 3 is incomplete in that Plaintiffs fail to provide the address of de la Rosa's employer, his job title and his supervisor's name, the nature of his duties, the current salary, and the date he was hired.

Exhibit "B"

## ROERIG, OLIVIERA & FISHER, L.L.P.

Ms. Aurora de la Garza
Page 2

With regard to Plaintiffs' Answers to Defendants' First Set of Interrogatories, the following were not answered and erroneously objected to: Nos. 2, 4, 5, and 11. Therefore, please remove your objections and answer accordingly within ten days of receipt of this letter..

Interrogatory Nos. 6, 13, 14, and 15, were erroneously objected to and stated *"Plaintiffs will supplement responsive information, if any, when gathered. "* Such objections and answers are incomplete. Therefore, please answer these interrogatories within ten days from receipt of this letter.

Interrogatory Nos. 7, 8 and 10 merely ask for facts that Plaintiffs rely on with regard to Plaintiffs' claim. Plaintiffs objected to these interrogatories and stated no facts with regard to these interrogatories, only answered with the beliefs of the Plaintiffs. Please amend these answers accordingly.

Interrogatory No. 9 requests that Plaintiffs explain the "political speech and associations" that Plaintiffs were involved in. Plaintiffs evasively answered without explaining the political speech which is the subject to this lawsuit and further fails to explain the associations they are connected with.

Interrogatory No. 12 requests each element of damages Plaintiffs are seeking, the calculations in detail, the basis for each such calculations, and the amounts in dollars and cents that Plaintiffs intend to recover. Plaintiffs again evasively answered without providing a complete answer.

Please provide us with the discovery requested within ten (10) days of receipt of this letter. Failure to properly respond and answer to Defendants' written discovery propounded upon Plaintiffs will result in Defendants' filing a Motion to Compel and requesting sanctions.

Thank you for your consideration in this matter. Should you have any questions, please do not hesitate to contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, LLP

Elizabeth G. Neally

EGN:cjb

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| **7160 3901 9844 7054 6873** | A. Received by (Please Print Clearly)  M. Pruneda | B. Date of Delivery  9/30/02 |
| | C. Signature  X | ☐ Agent ☐ Addressee |
| 3. Service Type   CERTIFIED MAIL | D. Is delivery address different from item 1?  If YES, enter delivery address below: | ☐ Yes ☐ No |
| 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes | | |

1. Article Addressed to:
Mr. Michael Pruneda
Michael Pruneda Law Firm
P. O. Box T
Pharr, TX 78577

23131 Acosta v SMISD (Ltr - Mtn Compel)          Elizabeth Neally

PS Form 3811, July 2001          Domestic Return Receipt

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and<br>RIGO DE LA ROSA | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 357th JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT<br>SCHOOL DISTRICT, and employees,<br>agents and all those acting in concert<br>or at their discretion | §<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

---

### ORDER SETTING HEARING ON
### DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO
### INTERROGATORIES AND REQUEST FOR PRODUCTION AND
### MOTION FOR SANCTIONS

---

Defendant's Motion to Compel Plaintiffs' Responses to Interrogatories and Request for

Production and Motion for Sanctions, is hereby set to be heard before this Court on the _16th_ day

of ___January___, ., at _9:00_ o'clock _a_ .m.

**SIGNED** this _19th_ day of ___November___, 2002.

_[signature]_

**JUDGE PRESIDING**

NOV 2 0 2002

cc:     Michael Pruneda
        Elizabeth G. Neally

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

NOV 2 0 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' MOTION TO QUASH
## AND PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, the Plaintiffs SALVADOR ACOSTA and RIGO DE LA ROSA, and pursuant to TRCP 192.6(a) and 199.4 file this their motion to quash and for protective order and in support shows the following:

I.

Should a party object to the time or place designated for a deposition, it can file a motion to quash or a protective order. *TRCP 192.6(a); 199.4.* If the motion is filed within three (3) business days after service of the notice of deposition, the deposition is automatically stayed until the motion can be determined. *TRCP 199.4.*

II.

Plaintiffs were served on November 14, 2002 with notices of deposition to begin at 9:30 a.m. and 11:30 a.m. respectively. *(See Exhibit A)* Such notices were served on Plaintiffs' counsel at a time that is unreasonable as Plaintiffs and Plaintiffs' counsel will not be able to attend due to other conflicts. Plaintiffs and its counsel can be available on other dates and times such as and Plaintiffs' counsel has notified Defendants' counsel of the same.

## III.

Plaintiffs do not file this motion to cause any further delay, but only seek that justice be done. Plaintiffs request that the notices be quashed and schedule such deposition at a date, time and place mutually convenient for all parties.

WHEREFORE PREMISES CONSIDERED, plaintiffs pray that this honorable court grant plaintiffs' motion and any other further relief to which they may be justly entitled.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded on the following parties and counsel as noted below:

Signed on this the 18 day of November, 2002

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Michael Pruneda

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE <u>357th</u> DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

<u>ORDER SETTING HEARING</u>

IT IS ORDERED that Plaintiff's Motion to Quash and fort Protective Order is hereby set for hearing on the _____ day of _____, 2002 at _____-o'clock ___.m. in the courtroom of the 357th Judicial District Court of Cameron County, Texas.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this hearing.

Signed on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

NOV-18-02 09:10 AM   MICHAEL PRUNEDA ATTORNEY   9567029659                    P.06

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE <u>357th</u> DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

<u>ORDER</u>

On this the _____ day of _____, 2002 came to be heard Plaintiffs' Motion to Quash and Protective Order, and the court having considered the motion, response and arguments, if any, is of the opinion that it should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Quash and Protective Order is hereby GRANTED.

SIGNED the _____ day of _____, 2002.

_____
PRESIDING JUDGE

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

NOV-18-02 09:11 AM   MICHAEL PRUNEDA ATTORNEY   9567029659   P.87

# EXHIBIT "A"

NOV-18-02 09:11 AM  MICHAEL PRUNEDA ATTORNEY  9567029659        P.08
NOV.14.2002  3:52PM  ROERIG OLIVEIRA FISH                    NO.777  P.3/6

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and<br>RIGO DE LA ROSA | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | 357th JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT<br>SCHOOL DISTRICT, and employees,<br>agents and all those acting in concert<br>or at their discretion | § | |
| | § | CAMERON COUNTY, TEXAS |

**DEFENDANT'S FIRST AMENDED**
**NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF**
**PLAINTIFF SALVADOR ACOSTA**

TO:  SALVADOR ACOSTA
     and RIGO DE LA ROSA
     By and Through Their Attorney of Record

     Michael Pruneda
     The Pruneda Law Firm, P.L.L.C.
     P. O. Box T
     Pharr, Texas 78577

   **PLEASE TAKE NOTICE** that commencing at 9:30 a.m. on Thursday, November 21,

2002, and continuing thereafter from day to day until completed, SANTA MARIA

INDEPENDENT SCHOOL DISTRICT, its employees, agents and all those acting in concert or

at their discretion, Defendant in the above-styled and numbered cause, will take the oral

deposition of Plaintiff **SALVADOR ACOSTA** at the Law Office of **ROERIG, OLIVEIRA &**

**FISHER, L.L.P,** 855 W. Price Road, Suite 9, Brownsville, Texas, before, a duly authorized

court reporter.

Pursuant to the Texas Rules of Civil Procedure, you are further advised that this deposition may be recorded on videotape, in addition to the usual stenographic recording. You are invited to attend and cross-examine the witness.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
    Elizabeth G. Neally
    State Bar No. 16840400

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing *Defendant's First Amended Notice of Intention to Take the Oral Deposition of Plaintiff Salvador Acosta* has been served upon counsel of record by Certified Mail, Return Receipt Requested, on this ___ day of November, 2002, to wit:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

_____
Elizabeth G. Neally

## CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and<br>RIGO DE LA ROSA | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | 357ᵗʰ JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |

---

### DEFENDANT'S FIRST AMENDED
### NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF
### PLAINTIFF RIGO DE LA ROSA

---

TO:  **SALVADOR ACOSTA**
     **and RIGO DE LA ROSA**
     By and Through Their Attorney of Record

     Michael Pruneda
     The Pruneda Law Firm, P.L.L.C.
     P. O. Box T
     Pharr, Texas 78577


**PLEASE TAKE NOTICE** that commencing at 11:30 a.m. on Thursday, November

21, 2002, and continuing thereafter from day to day until completed, SANTA MARIA

INDEPENDENT SCHOOL DISTRICT, its employees, agents and all those acting in concert or

at their discretion, Defendant in the above-styled and numbered cause, will take the oral

deposition of Plaintiff **RIGO DE LA ROSA** at the Law Office of **ROERIG, OLIVEIRA &**

**FISHER, L.L.P,** 855 West Price Road, Suite 9, Brownsville, Cameron County, Texas

before, a duly authorized court reporter.

DEFENDANT'S NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF PLAINTIFF RIGO DE LA ROSA                **Page 1**
23131 - Depo Plat' de la Rosa(1).wpd

Pursuant to the Texas Rules of Civil Procedure, you are further advised that this deposition may be recorded on videotape, in addition to the usual stenographic recording. You are invited to attend and cross-examine the witness.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Elizabeth G. Neally
State Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing *Defendant's First Amended Notice of Intention to Take the Oral Deposition of Plaintiff Rigo De La Rosa* has been served upon counsel of record by Certified Mail, Return Receipt Requested, on this ____ day of November, 2002, to wit:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

_____
Elizabeth G. Neally

**Page 2**

DEFENDANT'S NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF PLAINTIFF RIGO DE LA ROSA
23131 - Depo Plntf de la Rosa. wpd

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ◆ | IN THE <u>357th</u> DISTRICT COURT |
| v. | ◆ | |
| | ◆ | OF |
| SANTA MARIA INDEPENDENT SCHOOL | ◆ | |
| DISTRICT *and employees, agents, and all those* | ◆ | |
| *acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

<u>ORDER SETTING HEARING</u>

IT IS ORDERED that Plaintiff's Motion to Quash and fort Protective Order is hereby set for hearing on the _16th_ day of _January_ ,2003 at _9:00_ o'clock _a_.m. in the courtroom of the 357th Judicial District Court of Cameron County, Texas.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this hearing.

Signed on this _16th_ day of _December_ , 2002.

_____
JUDGE PRESIDING

DEC 16 2002
Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

FILED 9:00 O'CLOCK a __ M
AURORA DE LA GARZA DIST. CLERK

DEC 16 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

12/19/02
Pruneda her mari
received order to
Rox to him
Pruneda will pass
on the hearing
0

# THE PRUNEDA LAW FIRM, P.L.L.C.

944 W. Nolana Loop, Ste. B
P.O. Box T
Pharr, Texas 78577-1220

Office (956) 702-9675
Fax   (956) 702-9659

January 15, 2003

*Via Fax (956) 542-0016*

**Elizabeth Neally**
**ROERIG, OLIVEIRA & FISHER**
**855 West Price Road, Suite 9**
**Brownsville, Texas 78520-8786**

Re:   *Salvador Acosta and Rigo De La Rosa v. Santa Maria I.S.D.;*
      Cause No. 2002-07-2652-E

Dear Ms. Neally:

### RULE 11 AGREEMENT

Please allow this letter to serve as confirmation that you have agreed to notify the court in this case that your client has agreed to pass on the January 16, 2003 Motion to Compel hearing in exchange for Plaintiffs supplementing their answers and responses to requests for production and interrogatories 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, and 15 in connection with the above referenced case. Plaintiffs' answers and responses are now due on the 30th day of January, 2003.

If the information above does not reflect your understanding of our agreement, please contact me immediately; otherwise, please sign below where indicated. I will earnestly await your response and remain,

Very truly yours,

THE PRUNEDA LAW FIRM, P.L.L.C.

Michael Pruneda

Agreed by:
_____
Elizabeth Neally

## NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA AND RIGO DE LA ROSA | * | IN THE DISTRICT COURT |
| VS. | * | 357TH JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT SCHOOL DISTRICT, INC. | * | CAMERON COUNTY, TEXAS |

## FILING CERTIFICATE OF THE ORAL DEPOSITION OF SALVADOR ACOSTA

I, **THURMAN MOODY**, a Certified Shorthand Reporter in and for the State of Texas, hereby certify pursuant to the Rules and/or agreement of the parties present to the following:

That this deposition transcript is a true record of the testimony given by the witness named herein, after said witness was duly sworn by me.

That $ 474.50 is the charge for the preparation of the completed original deposition transcript and any copies of exhibits attached to the original, charged to **ELIZABETH NEALLY**

That the deposition transcript was submitted on DECEMBER 23, 2002 to **S. GARY WERLEY** for signature and returned to DORSEY & ASSOCIATES by JANUARY 6,2003

That the deposition transcript was____ was not _X_ returned to the deposition officer by the witness.

That the original deposition transcript, or a copy thereof, together with copies of all exhibits, was delivered to the attorney of party who asked the first question appearing in the transcript on DECEMBER 23 2002.

That pursuant to information made part of the record at the time said testimony was taken; the following includes all parties of record:

| | | |
|---|---|---|
| MICHAEL PRUNEDA | Attorney for | PLAINTIFF |
| ELIZABETH NEALLY | Attorney for | DEFENDANT |

CAUSE NO. 2002-07-2652-E

| | |
|---|---|
| SALVADOR ACOSTA and | )( |
| RIGO DE LA ROSA | )( IN THE DISTRICT COURT |
| Plaintiffs | )( |
| vs. | )( |
| | )( CAMERON COUNTY, TEXAS |
| SANTA MARIA INDEPENDENT | )( |
| SCHOOL DISTRICT and | )( |
| Employees, Agents and all | )( |
| those Acting in Concert | )( |
| or at their Discretion | )( |
| | )( |
| Defendants | )( 357TH  JUDICIAL DISTRICT |

REPORTER'S CERTIFICATION
ORAL AND VIDEOTAPED DEPOSITION OF
SALVADOR ACOSTA
DECEMBER 3, 2002

I, THURMAN J. MOODY, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, SALVADOR ACOSTA, was duly sworn by the officer and that the transcript of the ORAL deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on December 23, 2002, to counsel for the witness for examination, signature, and return to Dorsey & Associates, 8318 Jones Maltsberger, Suite 112, San Antonio, Texas 78216, by January 6, 2003;

That the amount of time used by each party at the deposition is as follows:
        Michael Pruneda - 0 hours 0 minutes
        Elizabeth G. Neally - 2 hours 11 minutes

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes all parties of record:

MICHAEL PRUNEDA
THE PRUNEDA LAW FIRM, P.L.L.C.
944 West Nolana, Suite B
Post Office Box T
Pharr, Texas 78577-1220
ELIZABETH G. NEALLY

DORSEY & ASSOCIATES

San Antonio  -  Corpus Christi  - McAllen  - Austin
(210) 342-3393  - (877) 919-3393 (Toll Free)  Fax (210) 342-6211

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78550

     I further certify that I am neither counsel for, related to, nor employed by any of the parties in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

     Subscribed and sworn to by me on December 23, 2002.

THURMAN J. MOODY, Texas CSR No. 2861
Expiration Date: 12-31-03

Dorsey & Associates
8318 Jones Maltsberger, Suite 112
San Antonio, Texas 78216
(210) 342-3393

CAUSE NO. 2002-07-2652-E

| | |
|---|---|
| SALVADOR ACOSTA and | )( IN THE DISTRICT COURT |
| RIGO DE LA ROSA | )( |
| Plaintiffs | )( |
| vs. | )( |
| | )( |
| SANTA MARIA INDEPENDENT | )( |
| SCHOOL DISTRICT and | )( CAMERON COUNTY, TEXAS |
| Employees, Agents and all | )( |
| those Acting in Concert | )( |
| or at their Discretion | )( |
| | )( |
| Defendants | )( 357TH  JUDICIAL DISTRICT |

SUPPLEMENTAL CERTIFICATE UNDER TRCP 203
TO THE ORAL DEPOSITION OF
SALVADOR ACOSTA
DECEMBER 3, 2002

The original deposition of SALVADOR ACOSTA taken on December 3, 2002, was (   ) was not ( ✓ ) returned to the deposition officer on January 6, 2003.

If returned, the attached changes and signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to Elizabeth G. Neally, Custodial Attorney.

That $475.50___ is the deposition officer's charges to Defendant for preparing the original deposition transcript and any copy of exhibits;

That the deposition was delivered in accordance with Rule 203, TCRP, and that a copy of this certificate was served on all parties shown herein and filed with the clerk.

Subscribed and Sworn to by me on _____, 2003.

_____
THURMAN J. MOODY / Texas CSR No. 2861
Expiration Date: 12-31-03

Dorsey & Associates
8318 Jones Maltsberger, Suite 112
San Antonio, Texas 78216
(210) 342-3393

## NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA AND | | |
| RIGO DE LA ROSA | * | IN THE DISTRICT COURT |
| | | |
| VS. | * | 357TH JUDICIAL DISTRICT |
| | | |
| SANTA MARIA INDEPENDENT | | |
| SCHOOL DISTRICT, ETC. | * | CAMERON COUNTY, TEXAS |

### FILING CERTIFICATE OF THE ORAL DEPOSITION OF
### RIGO DE LA ROSA

I, THURMAN MOODY, a Certified Shorthand Reporter in and for the State of Texas, hereby certify pursuant to the Rules and/or agreement of the parties present to the following:

That this deposition transcript is a true record of the testimony given by the witness named herein, after said witness was duly sworn by me.

That $ 283.50 is the charge for the preparation of the completed original deposition transcript and any copies of exhibits attached to the original, charged to ELIZABETH NEALLY.

That the deposition transcript was submitted on DECEMBER 23, 2002 to MICHAEL PRUNEDA for signature and returned to DORSEY & ASSOCIATES by JANUARY 13,2003.

That the deposition transcript was___ was not _X_ returned to the deposition officer by the witness.

That the original deposition transcript, or a copy thereof, together with copies of all exhibits, was delivered to the attorney of party who asked the first question appearing in the transcript on DECEMBER 23, 2002.

That pursuant to information made part of the record at the time said testimony was taken; the following includes all parties of record:

| | | |
|---|---|---|
| MICHAEL PRUNEDA | Attorney for | PLAINTIFF |
| | | |
| ELIZABETH NEALLY | Attorney for | DEFENDANT |

CAUSE NO. 2002-07-2652-E

SALVADOR ACOSTA and        )(
RIGO DE LA ROSA            )( IN THE DISTRICT COURT
        Plaintiffs         )(
    vs.                    )(
                           )( CAMERON COUNTY, TEXAS
SANTA MARIA INDEPENDENT    )(
SCHOOL DISTRICT and        )(
Employees, Agents and all  )(
those Acting in Concert    )(
or at their Discretion     )(
                           )(
        Defendants         )( 357TH  JUDICIAL DISTRICT

REPORTER'S CERTIFICATION
ORAL AND VIDEOTAPED DEPOSITION OF
RIGO DE LA ROSA
DECEMBER 3, 2002

I, THURMAN J. MOODY, Certified Shorthand
Reporter in and for the State of Texas, hereby certify to the
following:

That the witness, RIGO DE LA ROSA, was duly
sworn by the officer and that the transcript of the ORAL
deposition is a true record of the testimony given by the
witness;

That the deposition transcript was submitted on
December 23, 2002, to counsel for the witness for examination,
signature, and return to Dorsey & Associates, 8318 Jones
Maltsberger, Suite 112, San Antonio, Texas 78216, by January
13, 2003;

That the amount of time used by each party at
the deposition is as follows:
        Michael Pruneda - 0 hours 0 minutes
        Elizabeth G. Neally - 1 hour 8 minutes

That pursuant to information given to the
deposition officer at the time said testimony was taken, the
following includes all parties of record:

    MICHAEL PRUNEDA
    THE PRUNEDA LAW FIRM, P.L.L.C.
    944 West Nolana, Suite B
    Post Office Box T
    Pharr, Texas 78577-1220
    ELIZABETH G. NEALLY

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78550

     I further certify that I am neither counsel for, related to, nor employed by any of the parties in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

     Subscribed and sworn to by me on December 23, 2002.

THURMAN J. MOODY, Texas CSR No. 2861
Expiration Date: 12-31-03

**Dorsey & Associates**
8318 Jones Maltsberger, Suite 112
San Antonio, Texas 78216
(210) 342-3393

CAUSE NO. 2002-07-2652-E

SALVADOR ACOSTA and )( IN THE DISTRICT COURT
RIGO DE LA ROSA )(
      Plaintiffs )(
  vs. )(
          )(
SANTA MARIA INDEPENDENT )(
SCHOOL DISTRICT and )( CAMERON COUNTY, TEXAS
Employees, Agents and all)(
those Acting in Concert )(
or at their Discretion )(
          )(
    Defendants )( 357TH  JUDICIAL DISTRICT

SUPPLEMENTAL CERTIFICATE UNDER TRCP 203
TO THE ORAL DEPOSITION OF
RIGO DE LA ROSA
DECEMBER 3, 2002

     The original deposition of RIGO DE LA ROSA taken on
December 3, 2002, was ( ) was not ( ✓ ) returned to the
deposition officer on January 13, 2003.

     If returned, the attached changes and signature page
contains any changes and the reasons therefor;

     If returned, the original deposition was delivered
to Elizabeth G. Neally, Custodial Attorney.

     That $ 283.50 is the deposition officer's
charges to Defendant for preparing the original deposition
transcript and any copy of exhibits;

     That the deposition was delivered in accordance with
Rule 203, TCRP, and that a copy of this certificate was served
on all parties shown herein and filed with the clerk.

     Subscribed and Sworn to by me on _____,
2003.

                        _____
     THURMAN J. MOODY, Texas CSR No. 2861
     Expiration Date: 12-31-03
Dorsey & Associates
8318 Jones Maltsberger, Suite 112
San Antonio, Texas 78216
(210) 342-3393

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | IN THE DISTRICT COURT |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | 357th JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |
| | § | |



## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW SANTA MARIA INDEPENDENT SCHOOL DISTRICT**, its employees, agents and all those acting in concert or at their discretion, Defendant in the above-styled and numbered cause, and files this its Motion for Summary Judgment, pursuant to Texas Rules of Civil Procedure, Rule 166a, and would show the court the following:

### I.

Plaintiffs Salvador Acosta and Rigo de la Rosa brought suit against the Santa Maria Independent School District alleging their sole cause of action that they were deprived from their Constitutional rights under Article I, Section 8 of the Constitution of the State of Texas, denying them of their right to Freedom of Association. See Plaintiffs' Original Petition, Section IV. Plaintiffs specifically excludes any federal claims or other causes of action in Section V of Plaintiffs' Original Petition.

# II.

## SUMMARY JUDGMENT STANDARD EVIDENCE

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving parties are entitled to judgment as a mater of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250; 106 S. Ct. 2505, 2551 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986); FRCP 56.

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986); FRCP 56.

While this court should draw all inferences in favor of the party opposing the motion for summary judgment, the opposing party cannot create a genuine issue of material facts simply based on its own pleadings. *Anderson*, 477 U.S. 242, 250; 106 S. Ct. AT 2510; *Dorsett v. Board of Trustees*, 940 F.2d 121, 123 (5th Cir. 1991). Once the moving party has presented a properly supported motion for summary judgment, the burden shifts to the opposing party to present evidence that a genuine factual issue exists. The United States Supreme Court has held that summary judgment is mandated when, after an adequate time for discovery has elapsed, the non-existence of each element essential to the non-movant's case in which the non-movant will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S. Ct. At 2552. "The mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

material fact.  *Anderson*, 477 U.S. at 2 47-8, 106 S. Ct. At 2510 (emphasis in original).

Summary judgment should be granted in favor of Defendant because no issues of material fact

exist in Plaintiff's state law claims.

A summary judgment is a decision on the merits unless set aside by the trial court.  It

becomes final upon disposition of all issues in the case and not subject to nonsuit.  *Hyundai Motor*

*Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995).

## III.

## SUMMARY JUDGMENT EVIDENCE

In asserting its Motion for Summary Judgment, Defendant relies on the following summary

judgment evidence: Plaintiffs' Original Petition (**Exhibit "1"**); and correspondence to and from

Plaintiffs with offer of settlement (**Exhibits "2," "3," and "4"**).

## IV.

## FACTUAL ALLEGATIONS

Plaintiffs were employees of Santa Maria I.S.D.   Plaintiffs were eventually terminated.

Plaintiff De La Rosa was terminated on or about July 7, 2000 and Plaintiff Acosta was terminated

on or about September 15, 2000.  See Plaintiff's Original Petition, Section III.

According to Plaintiff's Original petition, Section III:

> *"Plaintiffs believe that following political changes on the Defendant's School Board, they were targeted by Defendant. Plaintiffs believe that the reasons given for their terminations were false and that the true reasons were based on their political speech and associations.*
> *"As a result, Plaintiffs sue the Defendant for violation of their civil rights arising under the Constitution and laws of the sovereign state of Texas."*
> **Plaintiffs' Original Petition, Section III, (Exhibit "1" attached hereto).**

For the purposes of this summary judgment only, there are no issues of material fact at

issue.

# V.

# ARGUMENTS AND AUTHORITIES

**A.     Texas Constitution**

    **1.     Freedom of Association**

Plaintiffs' cause of action is that they were discriminated against because of their exercise of freedom of association guarantees under the Texas Constitution. Plaintiff brings this cause of action solely under Art. 1 §8 of the Texas Constitution which provides as follows:

> *Sec. 8. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libels, the jury shall have the right to determine the law and the facts under the direction of the court, as in other cases. Art 1 §8 of the Texas Constitution*

The Supreme Court of Texas has opined that claims brought under the Texas Constitution may only recover equitable relief. In *City of Beaumont v. Bouillon*, 896 S.W.2d 143, 147 (Tex. 1995), the Texas Supreme Court held there is no entitlement to damages under the free speech and free assembly provisions of the Texas Constitution (Section 8).

    **2.     Damages.**

The Plaintiffs were offered to return of their position with the Santa Maria Independent School District by correspondence dated January 24, 2003, attached as **Exhibit "2."**

> *The Board of Trustees have authorized Salvador Acosta and de la Rosa to return to the positions that they were assigned to prior to being placed on Administrative Leave and their subsequent termination. Mr. Acosta would return to the position of Business Manager and Mr. de la Rosa would return to the position of Fixed Assets Clerk effective the signing of this letter and their release of all claims against the Santa Maria Independent School District, it*

> *employees, heirs, assigns servants, representatives, or anyone acting on its behalf.*
> *January 23, 2003 correspondence to Michael Pruneda (Exhibit "2")*

Plaintiffs refused to take their jobs back without back pay.  See Plaintiffs' correspondence to Defendant dated January 27, 2003, attached as **Exhibit "3."**

> *Per a conversation that took place several months ago, I conveyed to you that my clients would consider releasing your client from any and all liability in exchange for reinstatement and payment of their respective loss of earnings.  Your client's most recent offer fails to address these damages.*
> *January 27, 2003 correspondence from Michael Pruneda) (Exhibit "3")*

The deadline outlined in Exhibit 2 for acceptance of Defendant's offer of settlement passed without Plaintiff accepting this offer.  Their sole remedy under the Texas Constitution  pursuant to case law is return to their job.  Therefore, all remedies available to Plaintiffs have been offered to Plaintiffs which they have refused and their case should be dismissed as there are no other remedies available to them at law or by statute.

Texas law clearly outlines that equitable relief is available to complaints who chose to avail themselves under the Texas Constitution.

> *"Our review of the language of the Constitution leads us to conclude that there is no basis for the text of the Constitution to assume a party is given more than equitable protection.*
> *"Accordingly, we hold that there is no implied private right of action for damages under the Texas Constitution when an individual alleges the violation of speech and assembly rights."*
> **Boullion** *896 S.W.2d at 149.*

Since **Boullion**, appellate courts have repeatedly affirmed that back wages and other types of monetary damages are not available to plaintiffs.

Texas Appellate Courts have unanimously affirmed **_Bouillon_** on the issue of recovery of monetary relief in suits brought under the free speech and free assembly premises of the Texas Constitution. See **_Favero v. Huntsville I.S.D._**, 939 F.Supp. 1281, 1296 (S.D. Tex. 1996 aff'd 110 F.3d 793 (5th Cir. 1997); **_Vincint v. West Texas State Univ._**, 895 S.W.2d 469, 475 (Tex.App. — Amarillo 1995, no writ); **_O'Bryant v. City of Midland_**, 949 S.W.2d 406 (Tex. App. — Austin 1997).

Back pay has specifically been addressed and declared as unauthorized. See **_O'Bryant_**, 949 S.W.2d 414; **_City of Alamo v. Montes_**, 904 S.W.2d 727 (Tex.App. — Corpus Christi 1995) vacated as moot 934 S.W.2d 85 (Tex. 1996). In **_Montes_**, the court citing **_Bouillon_** emphasized that "there is no cognizable civil action for non-equitable relief for wrongful termination under the Texas Constitution" and therefore, the Plaintiff could recovery no monetary damages from the City. **_Montes_**, 904 S.W.2d 727, 732 (Tex.App. — Corpus Christi 1995).

Most recently, the 14th District of Houston Appellate Court upheld the current case law prohibiting monetary damages for cases brought under Section 8 of the Texas Constitution in **_Jackson v. Houston I.S.D._** 994 S.W.2d 396 (Tex. App. — [14th Dist] Houston 1999). In **_Jackson_**, the Plaintiff/employee asked for a summary judgment and declaration as to whether Plaintiff's constitutional rights had been violated and whether she was entitled to back pay. The Court concluded that under the Constitution, she was not able to recover back pay. **_Id_** at 401.

Plaintiffs have requested damages as follows:

"*WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:*
    *a).    Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendant, its officers, agents, employees,*

*attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights; and*

b).    *such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.*"

***Plaintiffs' Original Petition**, p.3 (**Exhibit "1"**)*

See Plaintiffs' Original Petition for relief.  No monetary damages are recoverable by Plaintiff as asserted above.  Further, any request for attorneys' fees also are not recoverable.

In Texas it is well established that the attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or contract. *Traveler's Indem. Co. Of Com. V. Mayfield*, 923 S.W.2d 590, 593 (Tex 1993) cited by *Tex. A&M Univ Sys v. Luxemburg*, 2002 Tex. App. Lexis 7058 (Tex. App — [14th Dist] Houston 2002).  In Luxemburg, the court concluded there was no basis for awarding attorney's fees when Plaintiff brought suit alleging deprivation of constitutional rights under the freedom of assembly and free speech clause of the Texas Constitution, even though a final judgment had awarded Luxemburg back pay, attorney's fees or costs.  The Appellate Court cited *Boullion* in reversing the monetary judgment for Plaintiff in its entirety including the award for back pay and attendant benefits and attorney's fees.  See also *City of San Benito v. Ebarb*, 885 S.W.3 711, 723 (Tex. App. — Corpus Christi 2002).

Defendant would show that Plaintiff's final remedy was for injunctive relief.  The injunctive relief requested "*temporary and permanent injunctive orders restraining the Defendant from continuing with such actions and future action . . . and refrain from denying Plaintiffs the rights infringed upon in this action.*" is moot, given that Plaintiffs have refused the offer of reinstatement. *Plaintiffs' Original Petition, Section VIII.*  See *Montes,*

## CONCLUSION

Because Plaintiffs have refused Defendant's offer of judgment which is the most they would be entitled to, the Defendants request that Plaintiff's case be dismissed in its entirety. The most a jury could ever award Plaintiffs are their reinstatement and as such, this case should be dismissed.

Defendant further requests costs of court in the event this case is dismissed. As the successful party to a lawsuit, Defendant is entitled to its costs. Plaintiff's failure to accept the settlement offer and force the filing of the Motion for Summary Judgment entitles Defendant to its court costs per TRCP 131.

**WHEREFORE, PREMISES CONSIDERED,** Defendant City of Edinburg prays that this Court grant its motion for summary judgment in its entirety for all causes of action asserted against it by Plaintiffs, Defendant's cost, and for any and all further relief to which the Defendant is justly entitled in law or in equity, including costs of court.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Defendant

By _____
ELIZABETH G. NEALLY
Texas Bar No. 14840400

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment and Declaratory Judgment has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Michael Pruneda

**The Pruneda Law Firm, P.L.L.C.**

P. O. Box T

Pharr, Texas 78577

on this ____ day of February, 2003.

Elizabeth G. Neally

# TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     477 U.S. 242, 250; 106 S. Ct. 2505, 2551 (1986);

*Celotex Corp v. Catrett*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986); FRCP 56.

*City of Alamo v. Montes*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     904 S.W.2d 727 (Tex.App. — Corpus Christi 1995)

*City of Beaumont v. Bouillon*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     896 S.W.2d 143, 147 (Tex. 1995).

*City of San Benito v. Ebarb*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     *885 S.W.3 711, 723 (Tex. App. — Corpus Christi 2002).*

*Dorsett v. Board of Trustees*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     940 F.2d 121, 123 (5th Cir. 1991).

*Favero v. Huntsville I.S.D.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     939 F.Supp. 1281, 1296 (S.D. Tex. 1996 aff'd 110 F.3d 793 (5th Cir. 1997)

*Hyundai Motor Co. v. Alvarado*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     892 S.W.2d 853, 855 (Tex. 1995).

*Jackson v. Houston I.S.D.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     994 S.W.2d 396 (Tex. App. — [14[th] Dist] Houston 1999)

*Tex. A&M Univ Sys v. Luxemburg*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     2002 Tex. App. Lexis 7058 (Tex. App — [14[th] Dist] Houston 2002).

*Traveler's Indem. Co. Of Com. V. Mayfield*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     923 S.W.2d 590, 593 (Tex 1993)

*O'Bryant v. City of Midland*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     949 S.W.2d 406 (Tex. App. — Austin 1997).

*Vincint v. West Texas State Univ.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     895 S.W.2d 469, 475 (Tex.App. — Amarillo 1995, no writ);

*Texas Constitution* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     Article 1, Section 8

# INDEX TO EXHIBITS

**EXHIBIT "1"**        **Plaintiffs' Original Petition**

**EXHIBIT "2"**        **Correspondence dated January 23, 2003 to Michael Pruneda from Elizabeth Neally**

**EXHIBIT "3"**        **Correspondence dated January 27, 2003 to Elizabeth Neally from Michael Pruneda**

**EXHIBIT "4"**        **Correspondence dated January 28, 2003 to Michael Pruneda from Elizabeth Neally**

**EXHIBIT "5"**        ***Texas A&M University Sys. et al vs. Leon Luxemburg***
                    2002 Tex. App. Lexis 7058

CAUSE NO. 2002-07-2652-E

| SALVADOR ACOSTA and RIGO DE LA ROSA | ✦ | IN THE 357 DISTRICT COURT |
| | ✦ | FILED 12:00 O'CLOCK |
| | ✦ | AURORA DE LA GARZA DIST. CLE |
| V. | ✦ | |
| | ✦ | OF       JUL 03 2002 |
| | ✦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ✦ | DISTRICT COURT CAMERON COUNTY, TX |
| DISTRICT *and employees, agents, and all those* | ✦ | |
| *acting in concert or at their discretion* | ✦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS SALVADOR ACOSTA and RIGO DE LA ROSA (hereinafter referred to as "Plaintiffs"), complaining of SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendant"), and for such causes of action shows unto the court the following:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, SALVADOR ACOSTA, is a resident of Cameron County, Texas.

Plaintiff, RIGO DE LA ROSA, is a resident of Cameron County, Texas.

Defendant, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, is a governmental entity in Texas operating under color of law that can be served by delivering citation to its superintendent Al Hernandez at P.O. Box 448, Santa Maria, Texas 78592 or wherever found.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

### III.
### FACTUAL ALLEGATIONS

Plaintiffs were long-time loyal employees of Santa Maria I.S.D. that were dedicated and hard working employees. Despite Plaintiffs' performance, dedication, and efforts, Defendant failed to give Plaintiffs the opportunity to work free of political hostility, harassment, humiliation, and retaliation during their employment and continue in their positions. Ultimately, Plaintiffs were both

*Exhibit "1"*

terminated for political reasons. Plaintiff De La Rosa was terminated on or about July 7, 2000 and Plaintiff Acosta was terminated on or about September 15, 2000.

Plaintiffs believe that following political changes on the Defendant's School Board, they were targeted by Defendant. Plaintiffs believe that the reasons given for their terminations were false and that that the true reasons were based on their political speech and associations.

As a result, Plaintiffs sue the Defendant for violation of their civil rights arising under the Constitution and laws of the sovereign state of Texas.

## IV.
## CONSTITUTIONAL CAUSE OF ACTION—
### *FREE SPEECH & FREEDOM OF ASSOCIATION*

Plaintiffs allege that the Defendant's actions were committed with a deliberate indifference and were arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory which resulted in the denial of the Plaintiffs' civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiffs to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiffs speech and association.

## V.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

## VI.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## VII.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. In all reasonable probability, Plaintiffs will continue to suffer such for a long time into the future, if not for the balance of their natural lives. Such injury will likely exist for the remainder of Plaintiffs' lifetime. Plaintiffs seek to recover all damages to which they may be appropriately entitled and the court deems proper.

## VIII.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant from

continuing with such actions and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant shall comply, follow, govern, and enforce such orders.

## IX.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

## X.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendant:

1.    Plaintiffs' Request for Disclosure to Defendant;

2.    Plaintiffs' First Set of Interrogatories to Defendant; and

3.    Plaintiffs' Request for Production to Defendant.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).    Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights; and

b).    such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CAUSE NO. 2002-07-2662-I

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ◆ | IN THE 357 DISTRICT COURT |
| | ◆ | |
| V. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| SANTA MARIA INDEPENDENT SCHOOL | ◆ | |
| DISTRICT *and employees, agents, and all those* | ◆ | |
| *acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

FILED ____ 12:00 O'CLOCK ____
AURORA DE LA GARZA, DIST. CLER.
JUL 0 3 2002
DISTRICT COURT OF CAM...

## **PLAINTIFFS' REQUEST FOR JURY TRIAL**

COME NOW Plaintiffs, SALVADOR ACOSTA and RIGO DE LA ROSA, requesting that

a jury trial be held on said cause. Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in

the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig*†
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*†
David G. Oliveira

*Board Certified -
 Personal Injury Trial Law
 Texas Board of Legal Specialization
*Board Certified -
 Civil Trial Law
 Texas Board of Legal Specialization

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-9049    Fax 956 631-9141

Adolph Guerra, Jr.*
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quesada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

January 23, 2003

File No. 23,131

Mr. Michael Pruneda
Michael Pruneda Law Firm
P. O. Box T
Pharr, Texas 78577



Certified Article Number
7160 3901 9844 7054 5425

SENDERS RECORD

Re:     <u>Salvador Acosta and Rigo De La Rosa vs. Santa Maria I.S.D.</u>
        357th Judicial District Court of Cameron County, Texas
        Cause No.2002-07-2652-E

Dear Mr. Pruneda:

Pursuant to the authority bestowed on me by the Board of Trustees for the Santa Maria Independent School District, we are tendering the following offer of settlement without admitting to any liability, in order to resolve any and all issues that your clients Rigoberto de la Rosa and Salvador Acosta have against the Santa Maria I.S.D., its employees, officers and other representatives. The Board of Trustees have authorized Salvador Acosta and de la Rosa to return to the positions that they were assigned to prior to being placed on Administrative Leave and their subsequent termination. Mr. Acosta would return to the position of Business Manager and Mr. de la Rosa would return to the position of Fixed Assets Clerk effective the signing of this letter and their release of all claims against the Santa Maria Independent School District, its employees, heirs, assigns, servants, representatives, or anyone acting on its behalf.

Please convey your clients' acceptance of these settlement terms within ten days, or by February 2, 2003. In the event that your clients do not accept these terms, we will then regard this as a rejection of our offer of settlement.

Please sign below indicating your agreement to the terms set out above, and fax me a copy of same at (956) 542-0016 prior to February 2, 2003 at which time we will forward the Compromise, Release and Settlement Agreement to your offices for signature. Your signature below signifies as a Rule 11 Agreement pursuant to the Texas Rules of Civil Procedure and is binding in a court of law.

Exhibit "S"

ROERIG, OLIVEIRA & FISHER, L.L.P.

Mr. Michael Pruneda
January 23, 2003
Page 2

Should you have any questions, please do not hesitate to contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, LLP

Elizabeth G. Neally

EGN:cjb
cc:    Gustavo Acevedo
       Wendy Hall

AGREED TO AND ACCEPTED:
ON BEHALF OF PLAINTIFFS
SALVADOR ACOSTA and
RIGOBERTO DE LA ROSA

Michael Pruneda
Attorney for Plaintiffs

ROERIG, OLIVEIRA & FISHER, L.L.P.
ATTORNEYS AT LAW

Jeffrey D. Roerig†•
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaix••†
David G. Oliveira

†Board Certified -
    Personal Injury Trial Law
    Texas Board of Legal Specialization
•Board Certified -
    Civil Trial Law
    Texas Board of Legal Specialization

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-6049    Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zance•
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval•
Lucila Alvarado•
Jesus Quezada, Jr.
Adrian R. Martinez•
Liza M. Vasquez•

# FACSIMILE

23,131

File No.:

January 24, 2003

IMPORTANT: This message is intended only for the use of the individual which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivery this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

## Please deliver the following pages to:    MICHAEL PRUNEDA
702-9659

From:       Elizabeth G. Neally

Subject:    *Salvador Acosta and Rigo de la Rosa vs. Santa Maria I.S.D.*
357th Judicial District Court, Cameron County, Texas
Cause No. 2002-07-2652-E

Total Number of Pages (Including this one):    3

Time Sent: _____                                    Sent By: Cindy

ATTACHMENT:    Correspondence of January 23, 2003

P. 1

* *   T C R ( JAN.24.2003  2:04PM )   * *

TTI  ROERIG OLIVEIRA FISH

| ‹ T X ›<br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | (MANUAL PRINT)<br>FILE |
|---|---|---|---|---|---|---|---|---|
| JAN.23. | 2:45PM | 956 702 7050 | TESM | 0'59" | P. 3 | OK | | 254 |
| | 2:46PM | | TESM | 0'58" | P. 3 | OK | | 254 |
| | 3:15PM | 956 6878131 | TESM | 1'11" | P. 3 | OK | | 255 |
| | 3:30PM | 13618842077 | TESM | 4'01" | P.14 | OK | | 256 |
| | 3:37PM | 3COM LEGAL | TESM | 1'00" | P. 3 | OK | | 257 |
| | 3:39PM | C6£YY | TESM | 1'03" | P. 3 | OK | | 257 |
| | 3:47PM | RO&F MCALLEN | TESM | 0'24" | P. 1 | OK | | 258 |
| | 4:21PM | RO&F MCALLEN | TESM | 0'22" | P. 1 | OK | | 259 |
| | 4:26PM | 6318141 | TESM | 0'41" | P. 2 | OK | | 260 |
| | 4:33PM | 18178605010 | TESM | 1'00" | P. 3 | OK | | 262 |
| | 5:19PM | 9566300189 | TESM | 1'10" | P. 3 | OK | | 263 |
| | 5:21PM | 361 8845239 | TESM | 1'11" | P. 3 | OK | | 263 |
| JAN.24. | 8:55AM | A6A6O5£O C£DAA6 IOO | TESM | 1'01" | P. 3 | OK | | 265 |
| | 8:56AM | 9566100829 | TSM | 1'41" | P. 3 | OK | | 265 |
| | 9:02AM | 9566687328 | TESM | 1'12" | P. 3 | OK | | 266 |
| | 9:05AM | RO&F MCALLEN | TESM | 0'14" | P. 1 | OK | | 267 |
| | 9:31AM | 956 399 7398 | TESM | 1'41" | P. 6 | OK | | 268 |
| | 9:49AM | 9565460251 | TESM | 0'49" | P. 2 | OK | | 269 |
| | 9:59AM | 6028607987 | TESM | 1'15" | P. 4 | OK | | 270 |
| | 10:10AM | DRHR_LAW | TESM | 1'03" | P. 2 | OK | | 273 |
| | 10:12AM | 956 546 4321 | TS | 1'14" | P. 2- | OK | | 274 |
| | 10:14AM | 6028607987 | TESM | 1'09" | P. 3 | OK | | 271 |
| | 11:28AM | LYONS & RHODES INC | TESM | 1'23" | P. 4 | OK | | 275 |
| | 11:30AM | 9566180445 | TESM | 1'22" | P. 4 | OK | | 275 |
| | 11:32AM | 2102271290 | TESM | 1'20" | P. 4 | OK | | 275 |
| | 11:35AM | 6876415 | TESM | 3'01" | P.11 | OK | | 276 |
| | 11:38AM | 12103446016 | TESM | 2'27" | P. 9 | OK | | 277 |
| | 11:41AM | RO&F MCALLEN | TESM | 1'22" | P. 4 | OK | | 278 |
| | 11:43AM | FRONTIER GEN INS | TESM | 0'57" | P. 2 | OK | | 279 |
| | 11:46AM | 9566860050 | TESM | 0'51" | P. 2 | OK | | 281 |
| | 11:47AM | 5412864 | TESM | 0'54" | P. 2 | OK | | 280 |
| | 11:53AM | 956 399 4484 | TESM | 1'10" | P. 2 | OK | | 280 |
| | 1:14PM | 2533834884 | TESM | 0'40" | P. 1 | OK | | 282 |
| | 2:00PM | 9567029659 | TESM | 1'10" | P. 3 | OK | | 283 |
| | 2:02PM | TASB, IO8. | TESM | 1'37" | P. 5 | OK | | 284 |

| ‹ R X ›<br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|

TX      245180                    RX        001574

| # : BATCH | C : CONFIDENTIAL | $ : TRANSFER | P : POLLING |
|---|---|---|---|
| M : MEMORY | L : SEND LATER | @ : FORWARDING | E : ECM |
| S : STANDARD | D : DETAIL | F : FINE | > : REDUCTION |

JAN-27-03 03:19 PM   MICHAEL PRUNEDA ATTORNEY   9567829659                   P.02

# THE PRUNEDA LAW FIRM, P.L.L.C.

844 W. Nolana Loop, Ste. B
P.O. Box 7
Pharr, Texas 78577-1220

Office: (956) 702-9673
Fax:     (956) 702-9659

January 27, 2003

*Via Fax (956) 542-0016*

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Re:     *Salvador Acosta and Rigo De La Rosa v. Santa Maria I.S.D.;*
        Cause No. 2002-07-2652-E

Dear Ms. Neally:

I would like to take this time to respond to your client's offer of settlement.

Per a conversation that took place several months ago, I conveyed to you that my clients would consider releasing your client from any and all liability in exchange for reinstatement and payment of their respective loss of earnings. Your client's most recent offer fails to address these damages.

As a courtesy to your clients, my clients are willing to entertain any offers of settlement that are made; however, my clients would like to know whether your clients are refusing to engage in such negotiations that would include monetary considerations. I would ask that you confer with your client so that a truly informed response can be made.

If you have any questions or wish to discuss this matter further, please do not hesitate to call. I will earnestly await your response and remain,

Sincerely,

THE PRUNEDA LAW FIRM, P.L.L.C.

Michael Pruneda

JAN-27-03 03:19 PM   MICHAEL PRUNEDA ATTORNEY   9567029659                    P.01

# THE PRUNEDA LAW FIRM, P.L.L.C.

944 W. Nolana Loop, Ste. B
P.O. Box T
Pharr, Texas 78577-1220

Office (956) 702-9675
Fax    (956) 702-9659

## FACSIMILE TRANSMISSION COVER SHEET

Date: _____

*Deliver the attached documents to:*

Name: _____         Total pages (including cover sheet): _____

_____

Fax Number:  (      ) _____

Sender: _____

Re: _____

_____

_____

Message: _____

_____

_____

## IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (956) 702-9675 <u>IMMEDIATELY</u>.

### NOTICE OF CONFIDENTIALITY

The information contained in and transmitted with this facsimile is:

1.    SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;
2.    ATTORNEY WORK PRODUCT; or
3.    CONFIDENTIAL.

It is intended only for the individual or entity designated above. You are hereby notified that dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this facsimile in error, please notify THE PRUNEDA LAW FIRM, P.L.L.C. by telephone at (956) 702-9675 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. mail, or if the sender grants authorization, destroyed.

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig*♦
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*†
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Lisa M. Vasquez*

†Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

♦Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

January 28, 2003

File No. 23,131

Mr. Michael Pruneda
**Michael Pruneda Law Firm**
P. O. Box T
Pharr, Texas 78577

Re:    <u>**Salvador Acosta and Rigo De La Rosa vs. Santa Maria I.S.D.**</u>
       357th Judicial District Court of Cameron County, Texas
       Cause No.2002-07-2652-E

Dear Mr. Pruneda:

Per my earlier correspondence to you, there is no authority in Texas law to allow payment of monetary damages for causes of action as pled by your client. I consider your response on January 27, 2003 to be a rejection of our settlement offer. Please advise immediately if it is not. Unless I hear from you today, I will proceed accordingly under the assumption that your clients have rejected the tendered offer.

Should you have any questions, please do not hesitate to contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, LLP

Elizabeth G. Neally

EGN:cjb
cc:    Al Hernandez
       Gustavo Acevedo
       Wendy Hall

ROERIG, OLIVEIRA & FISHER, L.L.P.
ATTORNEYS AT LAW

Jeffrey D. Roerig*
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz**
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666   Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049   Fax 956 631-8141

Adolph Guerra, Jr.*
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Lisa M. Vasquez*

*Board Certified -
Personal Injury Trial Law
Texas Board of Legal Specialization

*Board Certified -
Civil Trial Law
Texas Board of Legal Specialization

# FACSIMILE

23,131

File No.:

## January 28, 2003

IMPORTANT: This message is intended only for the use of the individual which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivery this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

**Please deliver the following pages to:**   **MICHAEL PRUNEDA**
**702-9659**

From:     Elizabeth G. Neally

Subject:    _**Salvador Acosta and Rigo de la Rosa vs. Santa Maria I.S.D.**_
357th Judicial District Court, Cameron County, Texas
Cause No. 2002-07-2652-E

Total Number of Pages (Including this one):   _2_

Time Sent: _____            Sent By: Cindy

**ATTACHMENT:**     **Correspondence of January 28, 2003**

P. 1

# \ # T C R ( JAN.28.2003 4:44PM ) * *

TTI ROERIG OLIVEIRA FISH

| < T X ><br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | (MANUAL PRINT)<br>FILE |
|---|---|---|---|---|---|---|---|---|
| JAN.28. | 10:45AM | T6002A SE2001U P1£0 | TESM | 0'29" | P. 1 | OK | | 354 |
| | 10:46AM | T6002A SE2001U P1£0 | TESM | 1'09" | P. 2 | OK | | 355 |
| | 11:17AM | 512 463 8186 | TESM | 2'01" | P. 6 | OK | | 356 |
| | 11:30AM | 281 955 2638 | TESM | 3'38" | P. 8 | OK | | 357 |
| | 11:48AM | 9034541514 | TESM | 0'52" | P. 2 | OK | | 358 |
| | 1:52PM | 9565423651 | TESM | 1'39" | P. 3 | OK | | 359 |
| | 1:54PM | 9567029659 | TESM | 0'52" | P. 2 | OK | | 360 |
| | 1:56PM | 9569823787 | TESM | 0'59" | P. 3 | OK | | 359 |
| | 1:57PM | 956 5488115 | TESM | 0'59" | P. 3 | OK | | 359 |
| | 2:00PM | 9565423651 | TESM | 1'31" | P. 2 | OK | | 361 |
| | 2:02PM | 9569823787 | TESM | 0'52" | P. 2 | OK | | 361 |
| | 2:03PM | 956 5488115 | TESM | 0'52" | P. 2 | OK | | 361 |
| | 2:08PM | RENTFRO, FAULK, BLAK | TESM | 2'36" | P. 6 | OK | | 362 |
| | 2:24PM | 281 955 1414 | TSM | 1'55" | P. 3 | OK | | 363 |
| | 2:43PM | 9566687328 | TESM | 0'30" | P. 1 | OK | | 364 |
| | 2:51PM | 361 879 0117 | TESM | 15'10" | P.39 | OK | | 365 |
| | 3:07PM | RODRIGUEZ&COLVIN | TESM | 1'33" | P. 3 | OK | | 366 |
| | 3:09PM | TASB, IO8. | TESM | 0'39" | P. 1 | OK | | 367 |
| | 3:10PM | TASB, IO8. | TESM | 1'26" | P. 4 | OK | | 368 |
| | 3:12PM | 9585650598 | TESM | 1'44" | P. 4 | OK | | 369 |
| | 3:15PM | 9567897894 | TESM | 1'24" | P. 4 | OK | | 370 |
| | 3:16PM | 9563655233 | TESM | 2'49" | P. 6 | OK | | 371 |
| | 3:20PM | RO&F MCALLEN | TESM | 0'42" | P. 2 | OK | | 372 |
| | 3:21PM | F1E110010A (HO) | TESM | 15'10" | P.39 | OK | | 373 |
| | 3:36PM | A6A000£O C£0AA6 IO0 | TESM | 0'53" | P. 2 | OK | | 374 |
| | 3:38PM | 7139525972 | TESM | 1'47" | P. 6 | OK | | 375 |
| | 3:42PM | 9565460251 | TESM | 2'03" | P. 7 | OK | | 376 |
| | 3:43PM | 7132232224 | TESM | 0'51" | P. 2 | OK | | 374 |
| | 3:57PM | 9562688811 | TESM | 1'26" | P. 4 | OK | | 377 |
| | 3:59PM | 4287133 | TESM | 1'32" | P. 4 | OK | | 377 |
| | 4:17PM | 6029607987 | TESM | 0'50" | P. 2 | OK | | 378 |
| | 4:32PM | 956 630 5199 | TESM | 0'48" | P. 2 | OK | | 379 |
| | 4:37PM | 512 491 2366 | TESM | 0'49" | P. 2 | OK | | 380 |
| | 4:40PM | 512 491 2366 | TESM | 0'49" | P. 2 | OK | | 380 |
| | 4:42PM | 956 292 2113 | TSM | 1'16" | P. 2 | OK | | 380 |

| < R X ><br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|

TX    245734             RX    001574



#: BATCH
M : MEMORY
S : STANDARD

C : CONFIDENTIAL
L : SEND LATER
D : DETAIL



$ : TRANSFER
@ : FORWARDING
F : FINE

P : POLLING
E : ECM
> : REDUCTION

Service: **Get by LEXSEE®**
Citation: **2002 Tex. App. LEXIS 7058**

*2002 Tex. App. LEXIS 7058, \**

TEXAS A&M UNIVERSITY SYSTEM, DR. WILLIAM J. MERRELL, IN HIS OFFICIAL CAPACITY AS
PROFESSOR OF OCEANOGRAPHY, DR. WILLIAM EVANS, IN HIS OFFICIAL CAPACITY AS
PROFESSOR OF MARINE BIOLOGY, and DR. JAMES M. McCLOY, IN HIS OFFICIAL CAPACITY AS
DEPARTMENT HEAD AND PROFESSOR OF MARITIME ADMINISTRATION, Appellants v. LEON
LUXEMBURG, Appellee

NO. 14-00-00105-CV

COURT OF APPEALS OF TEXAS, FOURTEENTH DISTRICT, HOUSTON

2002 Tex. App. LEXIS 7058

October 3, 2002, Rendered
October 3, 2002, Filed

**NOTICE: [\*1]** PUBLISH -- TEX. R. APP. P. 47.3(b).

**PRIOR HISTORY:** On Appeal from the 212th District Court. Galveston County, Texas. Trial
Court Cause No. 94-CV-1093.

Tex. A&M Univ. Sys. v. Luxemburg, 2002 Tex. App. LEXIS 4988 (Tex. App. Houston 14th Dist.
July 11, 2002)

**DISPOSITION:** Affirmed in part and reversed and rendered in part.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff instructor initially sued in federal court alleging
retaliation based on his opposition to unlawful employment practices. The instructor filed
another suit before the 212th District Court, Galveston County, Texas, alleging
retaliation and deprivation of his federal and state constitutional rights. The trial court
granted a partial summary judgment for defendant university officials. Defendant
university and its officials appealed.

**OVERVIEW:** The instructor was hired to work at the university. Despite tenure-track
discussions, the director of engineering and the instructor began having severe personal
conflicts. The instructor submitted a research proposal, but claimed that the director
then falsified portions of it. The instructor submitted a grievance, accusing the director of
fraud. Eventually, the instructor was informed that his appointment would not be
renewed. The university and its officials contended the instructor's claims were barred by
the doctrine of res judicata, or claim preclusion. The appellate court concluded that the
instructor was not precluded from bringing the claims, as they had not been addressed
by the federal court. The university and its officials also attempted to argue that the
instructor's claims were barred by the statute of limitations. The instructor responded
that his amended pleading was entitled to the filing date of his original petition. The
appellate court agreed. The appellate court did determine, however, that there was
insufficient evidence to support the instructor's due-course claim. The trial court also
erred in awarding back pay and attorney fees' to the instructor.

**OUTCOME:** The appellate court reversed that portion of the trial court's judgment

*Exhibit "5"*

entering judgment against the university and its officials on the due-course claims. The appellate court modified the trial court's judgment to delete the awards for back pay and attorney fees. The remainder of the trial court's judgment, as modified, was affirmed.

**CORE TERMS:** motivating, protected speech, salary, causation, but-for, grievance, school year, course of law, retaliation, terminated, reappoint, lawsuit, appointment, stigmatizing, continued employment, final judgment, jury charge, property interest, free-speech, sentence, legally sufficient, deprivation, due-course, renew, comparable, reinstate, awarding, Uniform Declaratory Judgments Act, appellants contend, summary judgment

### LexisNexis(TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

📄 Civil Procedure > Preclusion & Effect of Judgments > Res Judicata

*HN1*⬇ Under federal law, the doctrine of res judicata will apply if (1) the parties in both suits are identical, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there is a final judgment on the merits, and (4) the same cause of action is involved in both cases. Even if these four requirements are established, however, res judicata will not apply if the federal court (1) lacked jurisdiction over the state court claims or (2) possessed jurisdiction over those claims but would clearly have declined to exercise that jurisdiction as a matter of discretion.

📄 Constitutional Law > State Autonomy

*HN2*⬇ Unless expressly waived, the Eleventh Amendment prevents the federal courts from exercising jurisdiction over claims against a state or a state agency. This protection extends to officials of a qualifying state agency who are sued in their official capacities.

📄 Constitutional Law > Procedural Due Process > Scope of Protection

*HN3*⬇ Due course of law exists to prevent the State from depriving persons of liberty and property without notice and hearing.

📄 Constitutional Law > Procedural Due Process > Scope of Protection

*HN4*⬇ The Texas due-course clause is nearly identical to the federal due-process clause found in the United States Constitution. U.S. Const. amend. XIV. Although the federal version refers to "due process" rather than "due course," the Texas Supreme Court has stated that these two terms have no meaningful distinction.

📄 Labor & Employment Law > Discrimination > Retaliation
📄 Constitutional Law > Procedural Due Process > Scope of Protection

*HN5*⬇ Even when the allegedly stigmatizing charges are not themselves made by a governmental entity, an individual's liberty interest may be affected if a state employee is terminated based on those charges.

📄 Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
📄 Governments > Legislation > Statutes of Limitations > Time Limitations

*HN6*⬇ The statute of limitations for an alleged constitutional violation is two years.

📄 Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses

*HN7*⬇ See Tex. Civ. Prac. & Rem. Code Ann. § 16.068.

📄 Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings


Exhibit 5

📄 Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses

**HN8** ⚓An appellate court applies a two-pronged test to determine whether an amended pleading relates back to an earlier pleading for purposes of applying limitations. First, the original cause of action asserted in the first pleading must not have been time-barred when filed; and second, the amended pleading which changes the grounds of liability must not be wholly based on a new, distinct, or different transaction or occurrence.

📄 Civil Procedure > Appeals > Standards of Review > Substantial Evidence Rule

**HN9** ⚓A legal-sufficiency point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. An appellate court must view the evidence in a light that tends to support the jury's finding and disregard all evidence and inferences to the contrary. Because none of the parties objected to the jury charge, we review the sufficiency of the evidence in light of the charge submitted. If the record contains any evidence of probative force to support the jury's finding, the legal-sufficiency challenge must be overruled.

📄 Civil Procedure > Jury Trials > Actions in Equity

**HN10** ⚓The Texas Supreme Court has held that there is no right of action for damages arising under the free-speech provision of the Texas Constitution. An appellate court, as well as others, has concluded that the Bouillion holding applies to violations of other provisions in the Texas Constitution as well, including a plaintiff's right to due course of law. An appellate court has further found that an employee's request for back pay constituted a claim for damages, and thus is not recoverable under the Texas Constitution.

**JUDGES:** Panel consists of Justices Yates, Edelman, and Draughn. n7 (Edelman, J. dissenting).

n7 Senior Justice Joe L. Draughn sitting by assignment.

**OPINIONBY:** Leslie Brock Yates

**OPINION:**

### MAJORITY OPINION ON MOTION FOR REHEARING

We withdraw our opinion of July 11, 2002, and substitute the following opinion. A university professor sued the university and several administrators, alleging that his constitutional rights were violated in connection with the termination of his employment. Following a jury trial, the trial court entered judgment in favor of the professor, ordering the university to reinstate him to his former position and awarding him back pay, attorney's fees, and costs. The university and administrators appealed. We affirm in part and reverse and render in part.

### I. FACTUAL BACKGROUND

In 1989, Leon Luxemburg was hired as a part-time instructor in the Maritime College of Texas A&M University at Galveston ("TAMUG"). In 1990, Luxemburg began discussing a possible tenure-track position with Larry Slotta, the Director of **[*2]** Engineering Programs at TAMUG. In two separate letters from Slotta to Luxemburg, Slotta outlined their discussions

about the terms of Luxemburg's employment. Both letters indicated that Luxemburg would receive a nine-month salary of $ 41,000, two-thirds of which would be funded by TAMUG, with the remaining one-third to be provided by Luxemburg's research funds. On August 24, 1990, Luxemburg acknowledged receipt of the "Terms and Conditions of Faculty Appointment," notifying Luxemburg of his appointment as a non- tenured assistant professor for a nine-month period from September 1, 1990, to May 31, 1991. Under "Salary," this document had a typewritten notation of "($ 4,555.56 mo)," which equates to $ 41,000 over nine months; however, the document does not mention the previously discussed division of the sources for Luxemburg's salary. Luxemburg claims he understood this to mean that his monthly salary was, in fact, guaranteed. On September 1, Slotta submitted to his superiors a form budget request for funding of Luxemburg's salary of $ 4,555.56 per month. According to this form, TAMUG would pay 100% of Luxemburg's salary through the end of November, at which time TAMUG's contribution **[\*3]** would drop to 57.14% and a separate account, consisting of research funds acquired by Luxemburg, would provide the other 42.86%.

Luxemburg and Slotta began having severe personal conflicts almost immediately after the school year started. In November 1990, Luxemburg submitted his first research proposal for Slotta's approval. According to Luxemburg, after Luxemburg signed the proposal, Slotta altered portions to overstate costs and falsely claim participation by minority students before submitting the proposal to the National Science Foundation ("NSF"). Luxemburg submitted a written grievance to William Evans, Dean of TAMUG's Maritime College, accusing Slotta of fraud. Luxemburg also alleged that Slotta physically assaulted him and subjected him to public humiliation.

In January 1991, Luxemburg received two memos from TAMUG's controller indicating that, because Luxemburg had not yet contributed any research funds, he should not have received the 42.86% of his December salary that was to be contributed from such funds. Accordingly, Luxemburg was informed that his paycheck for January would be reduced to reflect this overpayment, and that all later checks would only be for 57.14% of **[\*4]** his monthly salary until he had supplied the necessary research funds. Luxemburg claims this "pay cut" was in fact retaliation for his grievance against Slotta.

On April 8, 1991, Luxemburg submitted a written grievance to Dr. James McCloy, TAMUG's Vice President for Academic Affairs, accusing Evans of suppressing evidence of Slotta's misconduct, refusing to act on Luxemburg's complaints, and intimidating Luxemburg to prevent him from complaining. Around this same time, Luxemburg sent a note to NSF requesting removal of his name from the November proposal. This note stated that Slotta added "fraudulent statements" as well as "incompetent statements" to the proposal without Luxemburg's consent. On April 10, William Merrell, TAMUG's President, sent Luxemburg a memo urging Luxemburg to follow university procedures for withdrawing his name from the proposal and criticizing his actions as a "serious breach of proper professional conduct." In an April 16 memo to Merrell, Luxemburg accused him of interfering with the grievance procedure and requested that Merrell's charges of professional misconduct be resolved as part of that procedure.

On May 8, 1991, Luxemburg was notified that his appointment **[\*5]** had been renewed for the 1991-92 school year. On May 10, McCloy issued his findings and recommendations with respect to Luxemburg's grievances. Luxemburg informed Merrell that he disagreed with McCloy's conclusions and requested a meeting of the Tenure Advisory Committee to review his grievances, along with an additional complaint against McCloy for advising Evans not to take action against Slotta for the alleged physical assault. The Tenure Advisory Committee issued its conclusions, and Merrell ultimately instructed McCloy to issue reprimands to Slotta and Evans.

In January 1992, TAMUG merged with Texas A&M University at College Station and became part of the Texas A&M University System ("Texas A&M"). Merrell's position as President was

eliminated, and David Schmidley was appointed Campus Dean and Chief Executive Officer of
TAMUG. During both the 1991-92 and 1992-93 school years, Luxemburg continued working as
an assistant professor, and his salary was funded 100% by TAMUG.

In May 1993, McCloy and Luxemburg's department head, Ted Chang, both recommended to
Schmidley that Luxemburg's contract should not be renewed. On May 28, 1993, Schmidley
sent Luxemburg an official notice of non-reappointment, **[*6]** informing Luxemburg that his
appointment as assistant professor would not continue after May 31, 1994. Although
Luxemburg was paid his full salary for the 1993-94 school year, his duties no longer included
teaching students at TAMUG.

## II. PROCEDURAL BACKGROUND

### A. The Federal Suit

In November 1992, while still employed at TAMUG, Luxemburg filed suit in federal court
alleging retaliation based on his opposition to unlawful employment practices and deprivation
of his rights under the United States Constitution. Luxemburg named Texas A&M as a
defendant, along with Slotta, Merrell, Evans, and McCloy, in both their individual and official
capacities. Luxemburg amended his complaint in May 1993 to add state constitutional
violations and claims for discrimination based on religion, race, and national origin. In
December 1993, the court dismissed all claims against the defendants in their official
capacities, as well as Luxemburg's constitutional due-process claim. In September 1994, the
court granted the defendants' motion for summary judgment, dismissed Luxemburg's
remaining claims, and entered a final judgment, which was affirmed by the Fifth Circuit
without opinion. See **[*7]** _Luxemburg v. Texas A&M Univ. Sys., 863 F. Supp. 412 (S.D. Tex.
1994), aff'd mem., 59 F.3d 1240 (5th Cir. 1995)._

### B. The State Suit

On February 22, 1994, while his federal suit was still pending, Luxemburg filed a second suit
in state court, alleging retaliation and deprivation of his rights under both the United States
and Texas Constitutions. Luxemburg's state suit named the same five defendants as in federal
court, plus Schmidley. Again, each individually named defendant was sued in both his
individual and official capacities. Luxemburg only requested relief was monetary damages. In
September 1997, the trial court granted a partial summary judgment for appellants, leaving
only "state claims against Texas A&M" in the suit. The trial court set the case for trial on
February 22, 1999. On January 28, 1999, Texas A&M filed a plea to the jurisdiction, alleging
(1) Luxemburg's contract claims are barred by sovereign immunity and (2) there is no
recognized cause of action for damages to enforce state constitutional rights. One week later,
Luxemburg filed an agreed motion for continuance. The trial court granted the continuance
and re-set trial for **[*8]** June 1, 1999.

On March 8, 1999, Luxemburg filed an amended petition in which he abandoned his claims for
monetary damages and sought declaratory and equitable relief, as well as attorney's fees,
against Texas A&M and Slotta, Merrell, McCloy, Evans, and Schmidley in their official
capacities only. Luxemburg proceeded to trial against Texas A&M, Merrell, McCloy, and Evans.
n1 The jury found (1) Luxemburg had a property interest in his employment, (2) Luxemburg
was denied procedural due course of law when his employment ceased, (3) Luxemburg was
denied substantive due course of law when his employment ceased, (4) appellants' conduct
was a proximate cause of Luxemburg being deprived of a protected liberty interest, and (5)
Luxemburg's protected speech was a substantial or motivating factor for the employment
actions taken against him. Following several post-trial motions, the court ultimately entered
an amended final judgment in which the court (1) awarded Luxemburg $ 275,000 in back
salary and attendant benefits, $ 120,000 in attorney's fees, and $ 2,500 in costs; (2) ordered
Texas A&M to reinstate Luxemburg to his former position or a comparable position "as if he . .

. had not been **[\*9]** suspended and/or terminated"; and (3) restrained Texas A&M from directly or indirectly violating Luxemburg's constitutional rights by wrongfully interfering with Luxemburg's performance of his duties, although the court stated that Texas A&M retains the right to instruct and supervise Luxemburg in a reasonable manner and may discipline, suspend, non-renew, or terminate Luxemburg for lawful reasons or just cause and if lawful procedures are followed. This appeal followed.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Slotta was never served in the state suit, and although the record is not clear, Schmidley was apparently non-suited before trial. Neither is a party to this appeal.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

## III. DISCUSSION

### A. Res Judicata

In their second issue, appellants contend the claims submitted to the jury are barred by the doctrine of res judicata, or claim preclusion. Because the first lawsuit was decided in federal court, federal law controls the determination of whether res judicata bars the present state court proceeding. *San Antonio Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281, 40 Tex. Sup. Ct. J. 166 (Tex. 1996). **[\*10]** *HN1*Under federal law, the doctrine of res judicata will apply if

(1) the parties in both suits are identical,

(2) the prior judgment was rendered by a court of competent jurisdiction,

(3) there is a final judgment on the merits, and

(4) the same cause of action is involved in both cases.

*Id.* Even if these four requirements are established, however, res judicata will not apply if the federal court (1) lacked jurisdiction over the state court claims or (2) possessed jurisdiction over those claims but would clearly have declined to exercise that jurisdiction as a matter of discretion. *Id.*

*HN2*Unless expressly waived, the Eleventh Amendment prevents the federal courts from exercising jurisdiction over claims against a state or a state agency. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 907-08, 79 L. Ed. 2d 67 (1984). This protection extends to officials of a qualifying state agency who are sued in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). In his state-court pleadings, Luxemburg alleged **[\*11]** that appellants violated the Texas Constitution by (1) depriving him of "protected liberty interests and property interests without due course of law" and (2) retaliating against him for "having exercised his constitutionally protected rights." In the federal district court, appellants successfully argued that, with the exception of Luxemburg's discrimination claims arising under Title VII, the federal court did not have jurisdiction over claims against Texas A&M and the individual defendants in their official capacities. Because the federal court lacked jurisdiction over Luxemburg's claims in the present suit, we must conclude that res judicata does not apply. *McKinney*, 936 S.W.2d at 281. Appellants' second issue is overruled.

### B. Collateral Estoppel

Appellants also argue that the doctrine of collateral estoppel, or issue preclusion, bars Luxemburg's claims. Defensive collateral estoppel may be used to prevent relitigation by a

plaintiff of issues previously lost in another proceeding. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 519, 41 Tex. Sup. Ct. J. 268 (Tex. 1998)*. Because Luxemburg was a party in both proceedings, the critical **[*12]** issues concern whether (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action and (2) those facts were essential to the judgment in the first action. *Id.*

### 1. The First Lawsuit

We must review the issues decided in the federal court to determine whether those findings preclude Luxemburg's claims in the state court. In his Second Amended Complaint in federal court, Luxemburg asserted claims for (1) misrepresentation, (2) false-light invasion of privacy, (3) "deprivation of liberty interests," (4) violation of the Texas Whistleblower Act, and (5) discrimination based on race, national origin, and religion. Luxemburg identified in his complaint the following four liberty interests of which he was allegedly deprived: (1) "freedom to act responsibly in his profession," (2) his employment, (3) "freedom to speak out on matters of general concern," and (4) "freedom from retaliation." The federal court treated these claims collectively as claims under 42 U.S.C. § 1983 for deprivation of rights under the First and Fourteenth Amendments to the United States Constitution. *See* 42 U.S.C. § 1983 **[*13]** (1994).

As noted above, the federal court dismissed for lack of jurisdiction all claims against Texas A&M and the individual defendants in their official capacities except for Luxemburg's discrimination claims. The individual defendants also sought to dismiss Luxemburg's § 1983 claims on the basis of qualified immunity. The federal court first examined Luxemburg's free-speech-deprivation claim and concluded that Luxemburg had pleaded sufficient facts to raise a § 1983 claim against Slotta, Merrell, and McCloy. Turning to Luxemburg's claims under the Fourteenth Amendment, the court initially noted that "Luxemburg's complaint nowhere claims that he has been denied *procedural* due process." With respect to his substantive-due-process claims, the federal court concluded the facts Luxemburg alleged in his complaint as stigmatizing were insufficient as a matter of law to support a §1983 claim, and that Luxemburg did not otherwise establish the deprivation of a recognized liberty interest. Accordingly, the court granted the individual defendants' motion to dismiss Luxemburg's Fourteenth Amendment § 1983 claims. Thus, Luxemburg's only remaining claims were (1) his § 1983 claim based **[*14]** on his First Amendment right to free speech, (2) his discrimination claims under Title VII, and (3) his state-law claims.

Luxemburg voluntarily dismissed his state-law claims, and the individual defendants moved for summary judgment on the two remaining federal claims. With respect to his discrimination claims, the federal court concluded that Luxemburg failed to make a prima facie case of retaliatory discrimination. In reaching this conclusion, the court interpreted Luxemburg's complaint as alleging two acts of discrimination: Slotta's negative evaluation of Luxemburg for failing to attend a function on a Saturday, when Luxemburg was observing the Jewish Sabbath; and the reduction in Luxemburg's pay during the 1990-91 school year. On the § 1983 claim, the district court found that Luxemburg "has shown no evidence that the Defendants acted with an improper motive and thus that no genuine issue of material fact exists." *Luxemburg, 863 F. Supp. at 422.* Again, however, the court's analysis of the defendants' summary judgment evidence focused on Luxemburg's claim that his salary had been reduced in retaliation for his protected speech. The court concluded that "TAMUG's **[*15]** decision was based on unambiguous, pre-existing agreements, not in retaliation for Luxemburg's constitutional right to free speech." *Id. at 422-23.*

### 2. The Second Lawsuit

In the present case, Luxemburg presented to the jury constitutional claims based on (1) denial of due course of law and (2) retaliation against protected speech. Appellants contend that these issues were fully and fairly litigated in Luxemburg's first suit.

We first consider whether Luxemburg should be estopped from raising his due-course claim. *See* TEX. CONST. art. I, § 19. n2 *HN3* Due course of law exists to prevent the State from depriving persons of liberty and property without notice and hearing. *Skelton v. Commission for Lawyer Discipline*, 56 S.W.3d 687, 693 (Tex. App.--Houston [14th Dist.] 2001, no pet.). The first three questions in the jury charge asked whether Luxemburg had a property interest in his employment with TAMUG and whether he was denied procedural and substantive due course of law when his employment ceased. Appellants contend these factual issues were fully and fairly litigated in Luxemburg's first lawsuit. In that first suit, however, Luxemburg [*16] did not assert any constitutional violations stemming from the loss of his employment. Luxemburg's only claims relating to his employment in the federal lawsuit concerned Siotta's negative evaluation and the alleged reduction in his salary. In its order dismissing Luxemburg's claims in part, the court specifically stated that Luxemburg's complaint "does not allege . . . that Luxemburg possesses a property interest in his job." Thus, the federal court did not address whether Luxemburg had a constitutionally protected property interest in his continued employment or whether Texas A&M deprived Luxemburg of due course of law when it decided not to renew his employment. Therefore, Luxemburg was not estopped from litigating these issues in the second lawsuit.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 *HN4* The Texas due-course clause is nearly identical to the federal due-process clause found in the United States Constitution. *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929, 38 Tex. Sup. Ct. J. 910 (Tex. 1995); *see* U.S. CONST. amend. XIV. Although the federal version refers to "due process" rather than "due course," our supreme court has stated that these two terms have no meaningful distinction. *See Than*, 901 S.W.2d at 929.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - [*17]

Question number 4 in the jury charge addresses the alleged deprivation of a protected liberty interest by the publication of stigmatizing charges against Luxemburg. A comparison of Luxemburg's complaint in the federal lawsuit and his petition in the state lawsuit reveals that the allegedly stigmatizing charges are the same in both. In the federal suit, the district court found that Luxemburg's alleged facts were insufficient to establish a constitutional violation because he failed to establish that the accusations against him were made under the color of the accusers' official duties. However, *HN5* even when the allegedly stigmatizing charges are not themselves made by a governmental entity, an individual's liberty interest may be affected if a state employee is terminated based on those charges. *See Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 573, 92 S. Ct. 2701, 2707, 33 L. Ed. 2d 548 (1972) (concluding that a state's decision not to rehire a non-tenured professor, without more, did not implicate any liberty interest, but stating that a "different case" would be presented if the state had "based the nonrenewal of his contract on a charge, for example, that [*18] he had been guilty of dishonesty, or immorality"). As we note above, Texas A&M's decision not to reappoint Luxemburg after the 1993-94 school year was apparently never an issue in the federal lawsuit. Accordingly, the federal court never addressed whether Texas A&M's nonrenewal decision was related to the alleged stigmatizing charges or whether Luxemburg was deprived of a liberty interest by being refused a name-clearing hearing. We conclude Luxemburg was not estopped from presenting these issues to the jury.

Next, we review whether Luxemburg should have been precluded from bringing his free-speech claim. *See* TEX. CONST. art. I, § 8. In Question 5, the jury was asked whether Luxemburg's protected speech "was a substantial or motivating factor for the employment actions taken against him." Nowhere does the charge specify the "employment actions" to which this question refers. Luxemburg asserts that the "employment actions" include his nonrenewal by TAMUG and that the federal court never addressed the factual issue of whether

he was terminated in retaliation for exercising his right to protected speech. Appellants respond that Luxemburg's pleadings in the state suit do not allege **[*19]** termination as an "employment action" taken against him, and thus Luxemburg's claims were identical in both suits. Although the recitation of facts in Luxemburg's petition does not mention his termination, under the heading "Equitable Relief," Luxemburg states that he "seeks reinstatement to his former position." Furthermore, Luxemburg's termination is clearly an issue with respect to other questions in the jury charge. As used in Question 5, "employment actions" could reasonably be interpreted to include the decision not to renew Luxemburg's appointment. Because appellants did not object to this language, and because the federal court did not address whether Luxemburg's employment was improperly terminated in violation of his right to free speech, we conclude that Luxemburg was not estopped from raising this issue in his state lawsuit.

None of the jury issues presented in Luxemburg's second lawsuit were barred by the doctrine of collateral estoppel. We overrule appellants' first issue.

## C. Statute of Limitations

In their third issue, appellants argue that Luxemburg's claims are barred by the statute of limitations. *HN6* The statute of limitations for an alleged constitutional violation **[*20]** is two years. See *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.--Houston [14th Dist.] 1999, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2002). According to appellants, Luxemburg's cause of action accrued no later than June 2, 1993, the date he allegedly received notice that he would not be reappointed. Luxemburg filed his original petition on February 22, 1994, well within the limitations period. However, Luxemburg did not assert a claim in equity for reinstatement until he filed an amended petition on March 5, 1999. Thus, appellants contend Luxemburg's equitable claim is barred by limitations.

Luxemburg responds that his amended pleading is entitled to the filing date of his original petition under section 16.068 of the Texas Civil Practice and Remedies Code, which provides as follows:

*HN7* If a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of **[*21]** limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 1997). *HN8* We apply a two-pronged test to determine whether an amended pleading relates back to an earlier pleading for purposes of applying limitations. *Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.--Houston [14th Dist.] 1993, writ denied). First, the original cause of action asserted in the first pleading must not have been time-barred when filed; and second, the amended pleading which changes the grounds of liability must not be wholly based on a new, distinct, or different transaction or occurrence. *Id.* Luxemburg's amended petition easily satisfies both prongs of this test, and thus is not subject to a plea of limitation. Appellants' third issue is overruled.

## D. Sufficiency of the Evidence

In their fifth issue, appellants contend there is insufficient evidence to support the jury's verdict. With respect to Luxemburg's due-course-of-law claim, appellants argue (1) there is no evidence that Luxemburg had an objectively reasonable **[*22]** expectation of continued employment, (2) there is no evidence that appellants made any false, public, or stigmatizing

charges against Luxemburg, and (3) there is no evidence that Luxemburg requested a hearing to clear his name and that such hearing was denied him. On his free-speech claim, appellants contend the evidence conclusively establishes that the decision not to renew Luxemburg's employment contract was made independently of any protected speech from Luxemburg.

We review each of these complaints as an attack on the legal sufficiency of the evidence. **HN9** ☛A legal-sufficiency point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. _Merrell Dow Pharms., Inc. v. Havner_, 953 S.W.2d 706, 711 (Tex. 1997). We must view the evidence in a light that tends to support the jury's finding and disregard all evidence and inferences to the contrary. _Bradford v. Vento_, 48 S.W.3d 749, 754, 44 Tex. Sup. Ct. J. 655 (Tex. 2001). **[*23]** Because none of the parties objected to the jury charge, we review the sufficiency of the evidence in light of the charge submitted. _Id._ If the record contains any evidence of probative force to support the jury's finding, the legal-sufficiency challenge must be overruled. _ACS Investors, Inc. v. McLaughlin_, 943 S.W.2d 426, 430, 40 Tex. Sup. Ct. J. 346 (Tex. 1997).

Appellants contend there is no evidence that Luxemburg had an objectively reasonable expectation of continued employment at TAMUG, and therefore, Luxemburg presented no evidence of a constitutionally protected property interest. We agree. To show that he had a property interest in his employment, Luxemburg was required to prove that he had a legitimate claim of entitlement to continued employment, and not just a unilateral expectation. _See Roth, 408 U.S. at 577, 92 S. Ct. at 2709._ The record shows that for each school year he worked as a tenure-track assistant professor, Luxemburg was appointed to a specific nine-month term beginning in September and ending in May. Luxemburg testified that, as he perceived them, the rules of Texas A&M required a hearing before he could be removed from the tenure track. However, **[*24]** this subjective testimony does not rise above the level of a unilateral and unreasonable expectation of continued employment. The only other evidence uncovered from our review of the record is that, upon hearing that Slotta had suggested terminating Luxemburg after only one semester, McCloy rejected this suggestion as premature.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that Luxemburg has presented no more than a mere scintilla of evidence that he had an objectively reasonable expectation of continued employment with TAMUG. Accordingly, the evidence is legally insufficient to support the jury's response to Question 1. Because Questions 2 and 3 were conditioned on an affirmative answer to Question 1, we find the evidence legally insufficient to support the jury's answers to those questions as well.

We also conclude the evidence was legally insufficient to support the jury's answer to Question 4. According to the jury charge, Luxemburg was required to prove that he requested a hearing to clear his name against the allegedly stigmatizing charges, and that "no such hearing was held in connection with the employment actions taken against him. **[*25]** " With respect to Texas A&M's decision not to reappoint him for the 1994-95 school year, Luxemburg presented no evidence whatsoever that he ever requested a hearing to clear his name or for any other reason. While Luxemburg did file grievances and request hearings relating to numerous alleged acts by Slotta, Evans, and McCloy during the 1990-91 school year, Luxemburg concedes in his pleadings that those grievances were heard by McCloy and later appealed to the Tenure Advisory Committee. Therefore, we conclude that Luxemburg has presented no evidence that he requested a name-clearing hearing or that any request for such a hearing was refused.

With respect to Luxemburg's free-speech claim, appellants argue that the evidence establishes as a matter of law that the decision not to reappoint Luxemburg was made independently of

Case 1:03-cv-00041   Document 1   Filed in TXSD on 02/18/2003   Page 119 of 138
Get a Document - by Citation - 2002 Tex. App. LEXIS 7058

Page 11 of 16

Luxemburg's protected speech. To support this claim, appellants cite only the testimony of
TAMUG's CEO, David Schmidley, who ultimately made the decision not to reappoint
Luxemburg for the 1994-95 school year. Schmidley only stated in general terms that whether
or not a professor has filed a grievance would make no difference to his renewal decision. We
cannot say **[*26]** that this testimony conclusively establishes that the decision not to
reappoint Luxemburg was wholly independent of his allegedly protected speech.

Appellants also claim Luxemburg failed to present legally sufficient evidence of a causal
connection between his speech and the decision not to renew his appointment. In response to
Question 5, the jury found that Luxemburg's protected speech was a substantial or motivating
factor for the adverse employment actions taken against him. n3 Neither party objected to the
submission of this question; therefore, we review the sufficiency of the evidence in light of the
charge submitted. *Bradford,* 48 S.W.3d at 754.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n3 Question 5 and the accompanying instruction are as follows:

Do you find that Leon Luxemburg has shown by a preponderance of the evidence that his
protected speech was a substantial or motivating factor for the employment actions taken
against him by Defendant(s)?

A substantial or motivating factor need not be the only reason for the action(s) taken, if any.
There may be more than one reason for the employment actions taken against Dr.
Luxemburg. If you find that those actions, if any, would not have occurred but for Dr.
Luxemburg's allegations of fraud and cover-up regarding the National Science Foundation
proposal and/or allegations of discrimination, then you will find that Dr. Luxemburg's
statements were a substantial or motivating factor in the employment actions taken against
him.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*27]**

Although Question 5 specifically asks whether Luxemburg's conduct was "a substantial or
motivating factor" for appellants' employment actions, appellants argue that the
accompanying instruction defined "substantial or motivating factor" in such a way that the jury
was required to find that appellants' actions would not have occurred but for Luxemburg's
grievances and allegations. n4 We disagree. The court's instruction merely states that if
Luxemburg's protected speech is a but-for cause of appellants' actions, it necessarily is also a
substantial or motivating factor for those actions. We do not read this instruction as requiring
the jury to find but-for causation before answering "yes" to Question 5. If the court had so
intended, it could have included an instruction to that effect. For example, in criminal cases
(where it appears this form of instruction is still in common use), an instruction that "If you
find X, then you will find the defendant guilty" is frequently followed by a separate instruction
that "Unless you find X, you will acquit." *See, e.g., Solomon v. State,* 49 S.W.3d 356, 367-68
(Tex. Crim. App. 2001); *Planter v. State,* 9 S.W.3d 156, 157-58 n.2 (Tex. Crim. App. 1999);
**[*28]** *State v. Sauceda,* 980 S.W.2d 642, 644 (Tex. Crim. App. 1998). In the alternative,
the court could have worded the question itself in a way that clearly required a finding of but-
for causation, without reference to another causation standard. Because the instruction did not
clearly and completely alter the causation standard set forth in the question, we review the
evidence to determine whether there was legally sufficient evidence that Luxemburg's conduct
was a substantial or motivating factor for appellants' employment actions. *See Hyundai Motor
Co. v. Rodriguez,* 995 S.W.2d 661, 664, 42 Tex. Sup. Ct. J. 738 (Tex. 1999) ("The goal of the
charge is to submit to the jury the issues for decision logically, simply, clearly, fairly, correctly,
and completely.").

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

.
.

n4 The Texas Supreme Court has rejected the use of a "substantial reason" causation standard in certain employment-discrimination cases in favor of a standard by which the employee must prove the employer's prohibited action would not have occurred when it did in the absence of the employee's protected conduct. See Tex. Dep't of Human Servs. v. Hinds, 904 S.W.2d 629, 635, 38 Tex. Sup. Ct. J. 711-36 (Tex. 1995); but see Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480, 44 Tex. Sup. Ct. J. 519 (Tex. 2001) (concluding that "a motivating factor" is the correct causation standard for unlawful-employment-practice claims under the Texas Commission on Human Rights Act).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*29]**

The causal link between Luxemburg's protected speech and the adverse employment action can be established by circumstantial evidence. See City of Fort Worth v. Zimlich, 29 S.W.3d 62, 69, 43 Tex. Sup. Ct. J. 972 (Tex. 2000). Such evidence includes, among other things, knowledge of the protected speech by a decision maker. See id. Schmidley testified he "reviewed all of Dr. Luxemburg's file" and the decision not to reappoint him was based on "all the material we had." Schmidley was undeniably aware of Luxemburg's previous complaints and grievances. Additionally, Luxemburg testified that while his grievances were pending, Evans, who was then Dean of the Maritime College, told Luxemburg he would lose his job if he continued to complain. Luxemburg later informed McCloy, whom Evans reported to, that Evans was trying to "intimidate" Luxemburg to keep him from complaining. Although Evans was not directly involved in making the decision not to reappoint Luxemburg, McCloy was. We conclude the record contains legally sufficient evidence to support the jury's answer to Question 5.

In summary, we find there is not sufficient evidence to support the jury's findings on Luxemburg's due-course claim, **[*30]** but the record contains legally sufficient evidence to support the jury's finding on Luxemburg's free-speech claim. Accordingly, we sustain appellants' fifth issue as to the first four questions in the jury charge, and we overrule appellants' complaint as to Question 5.

## E. Declaratory Relief

Appellants urge in their fourth issue that Luxemburg is not entitled to relief under the Uniform Declaratory Judgments Act. See TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997). In his amended petition, Luxemburg sought, among other things, "declaratory relief whereby in each of the acts of the Defendant(s) would be declared to have been the acts of a policymaker or acts ratified by a policymaker, all in violation of the Constitution of the State of Texas." In its motion for entry of judgment, Luxemburg requested the court to make certain declarations "and enter same as declaratory judgments against defendants." The "declarations" requested by Luxemburg were nothing more than findings necessary to support his claims for violations of the Texas Constitution. Thus, Luxemburg was not entitled to seek relief under the Declaratory Judgments Act. **[*31]** See Tucker v. Graham, 878 S.W.2d 681, 683 (Tex. App.--Eastland 1994, no writ) ("A declaratory judgment action is not appropriate where plaintiff's cause of action is mature and enforceable in a pending suit that involves the same parties and the same issues as alleged in the declaratory judgment action.").

Reviewing the court's judgment, however, we see no indication that the court awarded Luxemburg any declaratory relief. Therefore, appellants' fourth issue is moot.

## F. Monetary Awards

In issues six through eight, appellants challenge the awards for back pay, attorney's fees, and costs contained in the amended final judgment. Appellants claim (1) the trial court lacked discretion to award any monetary relief, whether as damages, attorney's fees, or costs, for a

violation of the Texas Constitution; (2) attorney's fees and costs were improperly awarded under the Uniform Declaratory Judgments Act; and (3) Luxemburg did not present sufficient evidence to support his attorney's-fees award.

### 1. Back Pay

Among other things, the amended final judgment awarded Luxemburg $ 275,000 in "back salary and attendant benefits." Appellants argue this constitutes **[*32]** an impermissible award of damages for a violation of Luxemburg's rights under the state constitution. We agree. In *City of Beaumont v. Bouillion*, HN10 the Texas Supreme Court held that there is no right of action for damages arising under the free-speech provision of the Texas Constitution. 896 S.W.2d 143, 147 (Tex. 1995). This court, as well as others, has concluded that the holding in *Bouillion* applies to violations of other provisions in the Texas Constitution as well, including a plaintiff's right to due course of law. See *Jackson, 994 S.W.2d at 400-01.* In *Jackson*, we further found that an employee's request for back pay constituted a claim for damages, and thus was not recoverable under the Texas Constitution. *Id. at 401.* Luxemburg has presented no persuasive reason for us to depart from this holding. Accordingly, we conclude the trial court erred in awarding back pay to Luxemburg.

### 2. Attorney's Fees

The trial court's judgment also awarded Luxemburg attorney's fees in the amount of $ 120,000. Appellants contend that the award of attorney's fees is an improper use of the Uniform Declaratory Judgments Act. As we set **[*33]** forth above, Luxemburg's declaratory judgment action requested no greater or different relief than his claim for equitable relief. Therefore, Luxemburg had no legal right to recover his attorney's fees under the Uniform Declaratory Judgments Act. See *University of Tex. v. Ables, 914 S.W.2d 712, 717* (Tex. App.--Austin 1996, no writ). Luxemburg has identified no other ground on which he might be entitled to recover his attorney's fees. See *Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 593, 39 Tex. Sup. Ct. J. 678 (Tex. 1996)* ("In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties."). Accordingly, we conclude the trial court erred in awarding attorney's fees to Luxemburg. n5

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - - -

n5 Based on this finding, we need not address appellants' eighth issue, complaining that Luxemburg failed to submit competent evidence supporting the amount of attorney's fees.

- - - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

### 3. Costs

Appellants also challenge **[*34]** the trial court's award of $ 2,500 in court costs. Texas Rule of Civil Procedure 131 provides, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. Luxemburg was the successful party in the lawsuit below. Luxemburg is thus entitled to recover his court costs.

Appellants suggest that *Bouillion* precludes Luxemburg from recovering any monetary award whatsoever, including costs. We do not read *Bouillion's* prohibition against a claim for damages so broadly as to limit a litigant's otherwise valid right to recover his or her costs. We find the trial court did not err in awarding Luxemburg his costs.

### G. Injunctive Relief

Finally, in their ninth issue, appellants argue that the amended final judgment did not meet the minimum requirements of an order granting injunctive relief. *See* TEX. R. CIV. P. 683. Specifically, appellants complain that the paragraph in the court's judgment ordering Luxemburg to be reinstated does not describe in sufficient detail the acts sought to be enjoined. n6 The paragraph in question states:

Defendant Texas A&M University System, and its officers, **[\*35]** agents, and employees as successors in interest to Defendants, are hereby ORDERED to reinstate Plaintiff to the position formerly held by him when terminated or to a comparable position as if he, Plaintiff had not been suspended and/or terminated. Defendant is hereby ORDERED to reinstate Plaintiff to a non- tenured, tenure-accruing or comparable position, within fourteen (14) days of the signing of this judgment.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n6 Appellants raise no complaint regarding the use of reinstatement as a remedy for a violation of the Texas Constitution's free-speech provision. Accordingly, we express no opinion regarding the availability of such relief.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

Appellants claim that this language leaves the injunctive relief "subject to Luxemburg's own subjective belief regarding which position he formerly held, and how long his original term of appointment was." We disagree. Assuming, as both parties do, that a judgment ordering reinstatement is subject to Rule 683, we believe the court's order describes in reasonable detail the acts ordered--that **[\*36]** Texas A&M is to reinstate Luxemburg to the position he held when terminated or a comparable position. While the court's use of the phrase "comparable position" may be subject to some interpretation, this is intended solely to give Texas A&M some flexibility in conforming to the court's order. Contrary to appellants' contention, we do not find that enforcement of the court's order in any way relies on Luxemburg's subjective belief concerning "the position formerly held by him when terminated." We overrule appellants' ninth issue.

## IV. CONCLUSION

Luxemburg's claims were not precluded by the doctrines of res judicata or collateral estoppel, nor was his request for equitable relief barred by limitations. We find there was legally sufficient evidence to support the jury's finding that appellants took action against Luxemburg in violation of his constitutional right to free speech, although we find the evidence was insufficient to support the jury's findings regarding Luxemburg's due-course claims. Accordingly, we reverse that portion of the trial court's judgment entering judgment against appellants on Luxemburg's due-course claims. Additionally, the trial court erred in awarding **[\*37]** "back salary and attendant benefits" and attorney's fees to Luxemburg, and we modify the trial court's judgment to delete those awards. The remainder of the trial court's judgment, as modified, is affirmed.

/s/ Leslie Brock Yates

Justice

**DISSENTBY:** Richard H. Edelman

**DISSENT:**

**DISSENTING OPINION ON MOTION FOR REHEARING**

I agree with the majority opinion except in overruling the State's challenge to the sufficiency of the evidence to prove a causal connection between Luxemburg's speech and the decision not to renew his appointment. The majority opinion correctly recites, and the parties all agree, that we review the sufficiency of the evidence in light of the charge submitted, the relevant portion of which was set forth in question 5 and its accompanying instruction (the "instruction"):

Do you find that Leon Luxemburg has shown by a preponderance of the evidence that his protected speech was a substantial or motivating factor for the employment actions taken against him by Defendant(s)?

A substantial or motivating factor need not be the only reason for the action(s) taken, if any. There may be more than one reason for the employment actions taken against Dr. Luxemburg. If **[*38]** *you find that those actions, if any, would not have occurred but for Dr. Luxemburg's allegations* of fraud and cover-up regarding the National Science Foundation proposal and/or allegations of discrimination, *then you will find that Dr. Luxemburg's statements were a substantial or motivating factor in the employment actions taken against him*.

Whether this question and instruction are correct according to *Hinds* n1 is of no consequence here since we are not reviewing the submission for charge error. Similarly, regardless of what meaning the term "substantial or motivating factor" may have in the case law, its only meaning to the jury and our sufficiency review is that provided in the instruction, if any. Therefore, our task is simply to discern the causation standard set forth in the instruction and then assess whether the evidence was sufficient to prove it.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -



n1 *See Tex. Dep't of Human Servs. v. Hinds, 904 S.W.2d 629, 637 (Tex. 1995)* (holding that correct causation standard is whether employer's action would not have occurred when it did had the employee's protected communication not been made).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*39]**

The third sentence of the instruction instructs the jury to find causation if it determines that the employment action would not have occurred but for Luxemburg's allegations. But what does this sentence mean if the jury does not find such a but-for connection? The majority opinion concludes that it does not *require* a but-for connection, but apparently only includes it illustratively as something (but not the only thing) that would constitute a substantial or motivating factor. If the majority is correct that the third sentence does not require a but-for standard, then: (1) that sentence is merely advisory; (2) the instruction fails to define, or thereby limit the scope of, the appropriate causation standard n2; (3) the jury was authorized to decide the undefined "substantial or motivating factor" causation requirement according to whatever standard it chose (or none at all); and (4) there is no definition of "substantial or motivating factor" by which a sufficiency review can be conducted in this case.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -



n2 Nor do the first two sentences of the instruction resolve the issue because they are consistent with either a but-for or a less than but-for standard. *See Hinds, 904 S.W.2d at 633-36* (distinguishing between sole cause standard and but-for standard adopted).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - **[*40]**

Although I agree that the instruction was poorly phrased, I do not read it as loosely as the majority. Rather, I believe the "If you find . . ., then you will find . . . ." language is

tantamount to saying, "If you do not find . . ., then you will not find . . . ." and, accordingly, that the third sentence of the instruction required a but-for standard of causation. Moreover, because I do not believe that the evidence identified in the majority opinion is sufficient to satisfy a but-for standard, I would sustain the State's challenge to the sufficiency of the evidence to prove causation.

/s/ Richard H. Edelman

Justice

Service: **Get by LEXSEE®**
Citation: **2002 Tex. App. LEXIS 7058**
View: **Full**
Date/Time: **Thursday, January 30, 2003 - 5:16 PM EST**

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ◆ | IN THE <u>357th</u> DISTRICT COURT |
| | ◆ | |
| v. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| SANTA MARIA INDEPENDENT SCHOOL | ◆ | |
| DISTRICT *and employees, agents, and all those* | ◆ | |
| *acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED— *ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS SALVADOR ACOSTA and RIGO DE LA ROSA (hereinafter referred to as "Plaintiffs"), complaining of SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendant"), and for such causes of action shows unto the court the following:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, SALVADOR ACOSTA, is a resident of Cameron County, Texas.

Plaintiff, RIGO DE LA ROSA, is a resident of Cameron County, Texas.

Defendant, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, has been served thereafter appeared.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

### III.
### FACTUAL ALLEGATIONS

Plaintiffs were long-time loyal employees of Santa Maria I.S.D. that were dedicated and hard working employees. Despite Plaintiffs' performance, dedication, and efforts, Defendant failed to give Plaintiffs the opportunity to work free of political hostility, harassment, humiliation, and retaliation during their employment and continue in their positions. Ultimately, Plaintiffs were both

terminated for political reasons and due to reporting of illegal activities. Plaintiff De La Rosa was terminated on or about July 7, 2000 and Plaintiff Acosta was terminated on or about September 15, 2000 despite an oral and written contract of which was breached and representations which were relied on.

Plaintiffs believe that following political changes on the Defendant's School Board, they were targeted by Defendant. Plaintiffs believe that the reasons given for their terminations were false and that that the true reasons were based on their political speech and associations.

As a result, Plaintiffs sue the Defendant for violation of their civil rights arising under the Constitution and laws of the United States and sovereign state of Texas.

IV.
## CONSTITUTIONAL CAUSES OF ACTION

(a)    The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs of their right of free speech under the laws and Constitutions of the Constitutions of the United States and State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of free speech on matters of public concern, political support of candidates, and political associations. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b)    The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs of their right of freedom of association under the laws and Constitutions of the United States and State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, breach of contract and reliance and other adverse actions, and as a result have a loss of earnings and earning capacity, consequential and compensatory damages, suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions undertaken under color of state law and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

V.
## BREACH OF CONTRACT

Plaintiff Salvador Acosta would show that he had a oral and written contract that was intentionally, knowingly, and maliciously breached by Defendant. Defendant breached its obligations to Plaintiff that caused pecuniary damages as well as foreseeable compensatory and consequential damages. Plaintiff Salvador Acosta seeks to recover under breach of contract.

## VI.
## PROMISSORY ESTOPPEL

The Defendant and employees and agents represented to Plaintiff Salvador Acosta through its policies, procedures and custom, and express statements that Plaintiff had a oral and written contract. As such, Plaintiff relied on these representations to his detriment following Defendant's failure to provide the benefits and positions Plaintiff relied. As such, Plaintiff sues under this theory.

## VII.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiffs will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural lives. Plaintiffs have further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. Plaintiffs therefore sues for lost wages in the past and future. As a result, Plaintiffs sues to regain all compensatory damages and any other relief to which they may be appropriately entitled and the court deems proper.

## IX.
## ATTORNEY'S FEES

By reason of the allegations of this Petition, Plaintiffs are entitled to recover attorney fees in a sum that are reasonable and necessary. In this connection, Plaintiffs further seek an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. Reasonable attorneys' fees are further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiffs fully expects that the Defendant will appeal this case. Plaintiffs seek attorneys' fees to compensate the Plaintiffs for the attorneys' fees they have and will incur in the prosecution of this lawsuit, both at trial and on appeal in accordance with the laws and Constitutions of the United States and Texas. As permitted, Plaintiffs also seek to recoup all litigation expenses expended in the prosecution of this lawsuit.

## X.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant from continuing with such actions and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant shall comply, follow, govern, and enforce such orders.

## XI.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

## XII.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendant:

1.      Plaintiffs' Request for Disclosure to Defendant;

2.      Plaintiffs' First Set of Interrogatories to Defendant; and

3.      Plaintiffs' Request for Production to Defendant.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).     Judgment against Defendant for an amount compensating Plaintiffs for their damages and injuries in an amount in excess of the minimum jurisdictional limits of this Court with a maximum of three million dollars ($3,000,000.00), such to be awarded by the jury;

b).     Entering a permanent injunction, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiff or otherwise violating his rights in a manner that is, may be, or can be construed as being negative or adverse;

c).     Prejudgment interest as allowed by law;

d).     Attorney, expert and litigation fees and expenses for trial and appeal;

e).     Interest on said judgment at the legal rate from date of judgment;

f).     Costs of suit herein;

g).     Nominal damages and such other appropriate relief as Plaintiff is justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the _____ day of _____, 2003:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

_____
Michael Pruneda

CAUSE NO. <u>2002-07-2652-E</u>

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE <u>357th</u> DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' REQUEST FOR JURY TRIAL

COME NOW Plaintiffs, SALVADOR ACOSTA and RIGO DE LA ROSA, requesting that

a jury trial be held on said cause.  Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in

the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig‡✦
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz✦‡
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca✦
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

†Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

✦Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

February 18, 2003

File No. 23,131

Mrs. Aurora de la Garza
District Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

Hand Delivered

Re:    Cause No. 2002-07-2652-E
       _Salvador Acosta and Rigo De La Rosa vs. Santa Maria Independent School_
       _District and employees, agents and all those acting in concert or at their_
       _discretion_
       357th Judicial District Court of Cameron County, Texas

Dear Mrs. de la Garza:

In reference to the above-styled civil action, enclosed find the original and one copy of Defendant's Notice of Removal. Please file the original with the Court, file stamp the extra copy and return to my office.

By copy of this letter, a set of the above document has been forwarded to the attorney for counsel in this matter.

Should you have any questions regarding the above, please contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, L.L.P.

Elizabeth G. Neally

EGN:cjb
Enclosures
cc:    Michael Pruneda

CM/RRR 7160 3901 9844 7054 5302

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | IN THE  DISTRICT COURT |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | CAMERON COUNTY, TEXAS |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that SANTA MARIA INDEPENDENT SCHOOL DISTRICT,

Defendant herein, on the 17th  day of February, 2003,  filed in the United States District Court

for the Southern District of Texas, Brownsville Division, a Notice of Removal of the above-styled

and numbered cause pursuant to 28 U.S.C. Sections 1441 and 1331.  A copy of said Notice of

Removal is attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel for Santa Maria Independent School District**

By:_____
        ELIZABETH G. NEALLY
        Federal ID No. 8044
        State Bar No. 14840400

        JEFFREY D. ROERIG
        Federal Bar No.1503
        State Bar No. 17161700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

J. Michael Pruneda
944 W. Nolana, Suite B
P. O. Box T
Pharr, Texas 78577-1220

on this 18th day of February, 2003.

ELIZABETH G. NEALLY

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and<br>RIGO DE LA ROSA | §<br>§<br>§ | IN THE  DISTRICT COURT |
| vs. | §<br>§ | 357TH JUDICIAL DISTRICT |
| SANTA MARIA INDEPENDENT<br>SCHOOL DISTRICT, and employees,<br>agents, and all those acting in concert<br>or at their discretion | §<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

   **PLEASE TAKE NOTICE** that SANTA MARIA INDEPENDENT SCHOOL DISTRICT,

Defendant herein, on the 17th day of February, 2003,  filed in the United States District Court

for the Southern District of Texas, Brownsville Division, a Notice of Removal of the above-styled

and numbered cause pursuant to 28 U.S.C. Sections 1441 and 1331.  A copy of said Notice of

Removal is attached hereto.

   Respectfully submitted,

   **ROERIG, OLIVEIRA, & FISHER, L.L.P.**
   855 W. Price Road, Suite 9
   Brownsville, Texas  78520
   Telephone: (956) 542-5666
   Facsimile: (956) 542-0016

   **Counsel for Santa Maria Independent School District**

   By: _____
   ELIZABETH G. NEALLY
   Federal ID No. 8044
   State Bar No. 14840400

   JEFFREY D. ROERIG
   Federal Bar No.1503
   State Bar No. 17161700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

J. Michael Pruneda
944 W. Nolana, Suite B
P. O. Box T
Pharr, Texas 78577-1220

on this 18th day of February, 2003.

ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents, and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW SANTA MARIA INDEPENDENT SCHOOL DISTRICT** and employees,

agents, and all those acting in concert or at their discretion, Petitioners herein, and pursuant to 28

U.S.C. Sections 1331 and 1441, files this their Notice of Removal and in connection therewith

would respectfully show the Court the following:

I.

1.     Petitioner is the named Defendant in a civil action now pending in the 357th

Judicial District Court in Cameron County, Texas, Cause Number 2002-07-2652-E, styled

*Salvador Acosta and Rigo De La Rosa vs. Santa Maria Independent School District, and*

*employees, agents and al those acting in concert or at their discretion*, wherein Plaintiffs seek

monetary and other relief for breach of contract and constitutional injuries sustained by Plaintiffs.

2.    Plaintiffs in their First Amended Original Petition filed on or about February 10, 2003, has raised a federal question.  Specifically, Plaintiffs allege that this cause of action involves violations of Plaintiffs' federal constitutional rights and statutory rights, including a violation of his freedom of speech and freedom of association under the U.S. Constitution.

3.    This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's First Amended Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.    Petitioner's time to answer or remove with respect to the Plaintiff's First Amended Original Petition has not expired.  Plaintiff's Original Petition was served on the Defendant SANTA MARIA INDEPENDENT SCHOOL DISTRICT on February 10, 2003.

5.    The matter in controversy exceeds the jurisdictional limits of this court.

6.    This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioners, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees, agents, and all those acting in concert or at their discretion, respectfully requests this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Santa Maria Independent School District

By: _____
    ELIZABETH G. NEALLY
    Federal ID No.8044
    State Bar No.14840400

    JEFFREY D. ROERIG
    Federal ID No.1503
    State Bar No. 17161700

## VERIFICATION

THE STATE OF TEXAS   §
                  §
COUNTY OF CAMERON  §

    I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for SANTA MARIA INDEPENDENT SCHOOL DISTRICT. Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ELIZABETH G. NEALLY

    **SUBSCRIBED AND SWORN TO BEFORE ME** by the said ELIZABETH G. NEALLY, this 17th day of February, 2003, to certify which witness my hand and seal of office.



CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 01-31-05

_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel for Plaintiffs: Michael Pruneda, **The Pruneda Law Firm, P.L.L.C.**, 944 W. Nolana, Suite B, P. O. Box T, Pharr, Texas 78577-1220, on this 1?th day of February, 2003

_____
ELIZABETH G. NEALLY