IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-41 |
| SANTA MARIA INDEPENDENT SCHOOL DISTRICT | § § § | |
| Defendant. | § § | |

## ORDER

BE IT REMEMBERED that on April 8, 2003, the Court considered Defendant's motion to strike and motion for sanctions [Dkt. Nos. 3-1 & 3-2 and Plaintiffs' motion to remand [Dkt. No. 6] and oppositions thereto.

**I.     Background**

On July 3, 2002, Plaintiffs filed an Original Petition in the 357th Judicial District Court of Cameron County, Texas, alleging a free speech and freedom of association cause of action under the Constitution of the State of Texas. [Dkt. No. 3, Ex 1, at ¶ IV]. Plaintiffs specified that they were not alleging any federal claims.

EXCLUSION OF FEDERAL CLAIMS
Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

[*Id.*, at ¶ V]. The Plaintiffs sought actual damages, injunctive and declaratory relief. [*Id.*, at ¶ VII, VIII, & IX]. Plaintiffs based their claims on the factual allegations that they had been terminated "following political changes on the Defendant's School Board" and "based on their political speech and associations." [*Id.*, at ¶ III].

1

Litigation proceeded, and the parties conducted discovery. On August 22, 2003, Plaintiffs served, and on August 23, 2003, Defendant received Plaintiffs' Responses to Requests for Disclosures (the "August 2002 disclosures"). In their responses, Plaintiffs stated "[t]he facts plead support the following causes of action against the Defendant for violations of the laws of the Constitutions of the United States and Texas." [Dkt. No. 5, Ex. A]. On December 3, 2002, Defendant deposed Plaintiff Salvador Acosta.

On February 7, 2003, Defendants filed their motion for summary judgment seeking dismissal of all of claims. On February 11, 2003, and approximately two months before trial was scheduled to commence, Plaintiffs filed their First Amended Original Petition alleging, for the first time, claims under the United States Constitution, breach of contract, and promissory estoppel.

On February 18, 2003, Defendant removed this matter to federal court claiming that the newly filed First Amended Original Petition raised a federal question. Defendant also filed a motion to strike the First Amended Original Petition and motion for sanctions. Plaintiffs have filed a motion to remand.

## II.    Analysis

### A.    Defendant's Motion To Strike

Defendant filed a Federal Rules of Civil Procedure Rule 12(f) motion to strike Plaintiff's First Amended Original Petition filed in state court. Defendant argues the First Original Petition should be stricken because it was filed after the Plaintiff expressly excluded any federal cause of action from his petition, after discovery had been taken, after a motion for summary judgment had been filed, and just two months before trial. Moreover, Plaintiffs claims the addition of federal, contract, and estoppel claims came as a surprise. Defendant utterly fails to explain how Rule 12(f) should be applied. Rather than cite federal cases applying Rule 12(f), Defendant argues the Court should

2

apply Texas Rules of Civil Procedure Rules 63,[1] 66,[2] 70,[3] and Texas case law interpreting those provisions.

Naturally, Plaintiffs have chosen not to cite any law in their response to Defendant's motion to strike – neither statutes nor case law, neither Texas nor federal. Plaintiffs argue that Defendants were "put on actual notice that federal claims were likely;" therefore, the First Amended Original Petition could not have surprised Defendant.

As an initial matter, this Court applies the Federal Rules of Civil Procedure and case law interpreting those rules, not the Texas Rules of Civil Procedure or Texas procedural doctrine, even in diversity cases with only state law claims. *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Hanna v. Plumer,* 380 U.S. 460, 473-74 (1965) (holding that, under the Rules Enabling Act, even in a diversity action, the Federal Rules of Civil Procedure govern in federal district courts whenever they plainly conflict with a state statute). Thus, in this federal question case, the Texas Rules of Civil Procedure do not guide this Court in determining whether to strike the First Amended Original Petition.

Defendant has filed its motion to strike pursuant to Federal Rules of Civil Procedure Rule 12(f). That Rule describes the circumstances under which this Court may strike a portion of a pleading.

> (f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any

---

[1]      Rule 63 establishes that a party need not seek leave of the court to file a pleading, so long as it is filed more than seven days prior to trial. On the other hand, a party who files a pleading within seven days of trial must seek leave.

[2]      Rule 66 sets out when a petition may be amended to conform to the evidence presented at trial.

[3]      Rule 70 provides the mechanism for the trial court to award costs and attorneys' fees to a party who requests and is granted a continuance based on a late filed pleading that surprises the other party.

redundant, immaterial, impertinent, or scandalous matter.

Rule 12(f). Motions to strike matters from the pleadings are viewed with disfavor and are infrequently granted, both because striking portions of pleadings is a drastic remedy and because it often is sought by a movant simply as a dilatory tactic. *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). The Court possesses considerable discretion in ruling on a motion to strike. *Id*. Portions of a complaint generally will not be stricken from a pleading unless "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Veazie v. Southern Greyhound Lines*, 374 F. Supp. 811 (E.D. La. 1974). As stated in *Sadler v. Benson Motors Corp.*, No. CIV.A. 97-1083.1997 WL 266735, at *1 (E.D. La. May 15, 1997), "[t]he standard of materiality in a Motion to Strike pursuant to Fed.R.Civ.P. 12(f) is a loose one: defendants must show that the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'" (internal citations omitted). Defendant has failed to make the necessary showing for Rule 12(f) that the First Amended Original Petition is either redundant, immaterial, impertinent, or scandalous. Nor has Defendant shown that the new allegations of a federal cause of action are immaterial to the lawsuit. Finally, while Defendants could have argued in state court that the new allegations, filed a mere two months before trial, are prejudicial, that argument is hollow in federal court where the case has been pending for less than six weeks, a scheduling order has not been entered, and a trial date will most likely be set for the end of this year, if not later.

Once the First Amended Original Petition alleging a federal cause of action was filed, Defendant had a choice to make. On the one hand, it could have filed a motion to strike in the state court pursuant to the Texas Rules of Civil Procedure. On the other hand, it could remove the case to federal court where the First Amended Original Petition would become the live pleading in the case, the Federal Rules of Civil Procedure would apply, and the litigation timetable would be altered, drastically in this case. Defendant chose the latter; therefore, Defendant's motion to strike [Dkt. No. 3-1] is **DENIED**.

4

### B.    Plaintiff's Motion To Remand

Plaintiffs argue that Defendant's removal of this case to federal court was untimely.  Plaintiffs do not claim that the Original Petition was removable; in fact, Plaintiffs ensured it was not removable by expressly excluding federal claims.  *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 & n.7 (1987) (noting that plaintiff, as master of the complaint, may allege only state claims to defeat removal).  Rather, Plaintiffs contend that the August 2002 disclosure quoted above constitutes "other paper" making this case removable[4] and argue that Defendant was therefore obliged to file a notice of removal within thirty days of August 23, 2002, the date Defendant received a copy of the disclosure.

Defendant argues that Plaintiffs' vague reference to "violations of the laws and Constitution[] of the United States" in this document was not enough to overcome Plaintiffs' express exclusion of federal claims in their Original Petition.  In effect, Defendant argues that it could not "ascertain" that the case had become removable from the August 2002 disclosure but that it could from the First Amended Original Petition filed on February 11, 2003, which expressly included a claim under the United States Constitution.  Counting from Defendant's receipt of the First Amended Original Petition, its notice of removal would be timely.

Title 28, U.S.C. § 1446(b) governs the timeliness of removal.  Section 1446 provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal

---

[4]    The term "other paper" has been broadly construed to include pleadings as well as virtually all types of communications made during discovery.  *See, e.g., Hines v. AC & S, Inc.,* 128 F. Supp. 2d 1003, 1006 (N.D. Tex. 2001) (collecting cases holding that "other paper" may include answers to interrogatories, responses to requests for admissions, deposition testimony, and other documents provided in discovery).  Thus, there is no reason to think Plaintiffs' August 2002 disclosure could not constitute "other paper" for purposes of triggering 28 U.S.C. § 1446(b).

may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper from which it may first be ascertained* that the case is one which is or has become removable.

(emphasis added). Defendant's position is supported by the Fifth Circuit's recent decision in *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).[5] The *Bosky* court noted that the thirty day time limit  in § 1446(b) is triggered by different standards, depending on whether removeability is based on a petition or "other paper."  With respect to initial pleadings, the time limit is triggered when the pleading "sets forth" the removable claim, whereas the "other paper" time limit is triggered only when it may be "ascertained" that the case has become removable. *Id.* at 210-11.  The *Bosky* court reasoned that the latter standard requires a greater level of certainty than the former. *Id.* at 211.  Thus, for an "other paper" to trigger the second thirty day time limit, that paper must be "unequivocally clear and certain." *Id.*

Standing alone, Plaintiffs' August 2002 disclosure might have been enough to support removal, despite its lack of specificity regarding exactly which laws or provisions of the Constitution had been violated. *See Cervantez v. Bexar County Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996) (holding that statement in first amended petition that plaintiff was entitled to relief pursuant to "Title 42 of the United States Code, Section 1983" was enough to trigger the thirty-day removal clock even though the petition did not elaborate on the 1983 claim and would probably be insufficient to state a claim under Fed. R. Civ. Pro. 12(b)(6)).[6]

---

[5]    Prior to the *Bosky* decision, at least one court in this circuit held that a plaintiff's brief, non-specific invocations of federal law were insufficient to support removal when that plaintiff also expressly disclaimed any reliance on federal law. *Thompson v. Pyramid Constructors*, 125 F. Supp. 2d 200, 204-06 (E.D. Tex. 2000) (holding that plaintiff's statement that the United States Constitution and "decades of civil rights legislation" supported his claim was insufficient to support removal because, *inter alia*, plaintiff "[did] not specify any specific statute or identifiable cause of action founded in federal law," but instead expressly chose to pursue only state remedies).

[6]    Contrary to Plaintiffs' argument, *Cervantez* did not hold that disclosure responses were sufficient for the defendant there "to ascertain that removal was necessary despite the lack of specificity regarding exactly which laws or provisions of

6

However, when considered in the context of the entire case, the August 2002 disclosure clearly fails the *Bosky* standard because it does not unequivocally negate the express exclusion of federal claims in the Original Petition. Plaintiffs could have alleged a § 1983 claim at the outset of the suit but clearly chose not to do so. Plaintiffs' August 2002 disclosure at best indicates a vague intention to possibly pursue a federal claim, but considered in light of the prior exclusions, this response hardly made "unequivocally clear and certain" that the case was removable. *Bosky*, 288 F.3d at 211. The *Bosky* court reasoned that this strict standard would help avoid "protective" removals because "a defendant will be less likely to act on more equivocal information" received after the initial pleading. *Id.* at 212. To hold in this case that Defendant was required to act on the basis of Plaintiffs' vague invocation of federal law despite their prior express exclusions would thwart that policy. Plaintiffs' motion to remand [Dkt. No. 6] is, therefore, **DENIED**.

### C.     Defendant's Motion For Sanctions

Defendant also requests sanctions pursuant to Texas Rules of Civil Procedure Rule 70 for Plaintiffs' "eleventh-hour" filing of the First Amended Original Petition. That rule does not apply in federal court, Defendant has not cited (and the Court has not found) any court in this circuit applying that rule, and no federal analog exists. Moreover, the Court has found that Defendant failed to exercise its right to challenge the filing of that pleading in state court and that the First Amended Original Petition is the live pleading in this case. Therefore, Defendant's motion for sanctions [Dkt. No. 3-2] is **DENIED**.

---

the Constitution and [sic] United States had been violated." [Dkt. No. 6, at p.3]. The issue decided by the *Cervantez* court was whether an amended petition alleging a § 1983 claim was sufficient to trigger the thirty day time limit

## III.   Conclusion

For the foregoing reasons, Defendant's motion to strike and motion for sanctions [Dkt. Nos. 3-1 & 3-2] are **DENIED**.

FURTHERMORE, Plaintiffs' motion to remand [Dkt. No. 6] is also, hereby, **DENIED**.

FURTHERMORE, motions for reconsideration, although discouraged, will be considered only if the movant invokes the proper rule, provides citation to case law that is legally and factually relevant, and analyzes the application of the proper standard to the facts of this case.

FINALLY, the parties will obtain a copy of and adhere to the Chamber's Civil Procedure Manual available in the District Clerk's Office.

DONE at Brownsville, Texas, on this 8th day of April 2003.

Hilda G. Tagle
United States District Judge

8