*14*

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE 357th DISTRICT COURT |
| v. | ♦ | |
| | ♦ | OF |
| SANTA MARIA INDEPENDENT SCHOOL DISTRICT *and employees, agents, and all those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

United States District Court
Southern District of Texas
FILED

CAB-03-41   APR 22 2003

Michael N. Milby
Clerk of Court

# PLAINTIFFS' FIRST AMENDED—
## *ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS SALVADOR ACOSTA and RIGO DE LA ROSA (hereinafter referred to as "Plaintiffs"), complaining of SANTA MARIA INDEPENDENT SCHOOL DISTRICT and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendant"), and for such causes of action shows unto the court the following:

## I.
## DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

Plaintiff, SALVADOR ACOSTA, is a resident of Cameron County, Texas.

Plaintiff, RIGO DE LA ROSA, is a resident of Cameron County, Texas.

Defendant, SANTA MARIA INDEPENDENT SCHOOL DISTRICT, has been served thereafter appeared.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

## III.
## FACTUAL ALLEGATIONS

Plaintiffs were long-time loyal employees of Santa Maria I.S.D. that were dedicated and hard working employees. Despite Plaintiffs' performance, dedication, and efforts, Defendant failed to give Plaintiffs the opportunity to work free of political hostility, harassment, humiliation, and retaliation during their employment and continue in their positions. Ultimately, Plaintiffs were both

terminated for political reasons and due to reporting of illegal activities. Plaintiff De La Rosa was terminated on or about July 7, 2000 and Plaintiff Acosta was terminated on or about September 15, 2000 despite an oral and written contract of which was breached and representations which were relied on.

Plaintiffs believe that following political changes on the Defendant's School Board, they were targeted by Defendant. Plaintiffs believe that the reasons given for their terminations were false and that that the true reasons were based on their political speech and associations.

As a result, Plaintiffs sue the Defendant for violation of their civil rights arising under the Constitution and laws of the United States and sovereign state of Texas.

## IV.
## CONSTITUTIONAL CAUSES OF ACTION

(a) The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs of their right of free speech under the laws and Constitutions of the Constitutions of the United States and State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of free speech on matters of public concern, political support of candidates, and political associations. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b) The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs of their right of freedom of association under the laws and Constitutions of the United States and State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, breach of contract and reliance and other adverse actions, and as a result have a loss of earnings and earning capacity, consequential and compensatory damages, suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions undertaken under color of state law and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

## V.
## BREACH OF CONTRACT

Plaintiff Salvador Acosta would show that he had a oral and written contract that was intentionally, knowingly, and maliciously breached by Defendant. Defendant breached its obligations to Plaintiff that caused pecuniary damages as well as foreseeable compensatory and consequential damages. Plaintiff Salvador Acosta seeks to recover under breach of contract.

## VI.
## PROMISSORY ESTOPPEL

The Defendant and employees and agents represented to Plaintiff Salvador Acosta through its policies, procedures and custom, and express statements that Plaintiff had a oral and written contract. As such, Plaintiff relied on these representations to his detriment following Defendant's failure to provide the benefits and positions Plaintiff relied. As such, Plaintiff sues under this theory.

## VII.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiffs will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural lives. Plaintiffs have further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. Plaintiffs therefore sues for lost wages in the past and future. As a result, Plaintiffs sues to regain all compensatory damages and any other relief to which they may be appropriately entitled and the court deems proper.

## IX.
## ATTORNEY'S FEES

By reason of the allegations of this Petition, Plaintiffs are entitled to recover attorney fees in a sum that are reasonable and necessary. In this connection, Plaintiffs further seek an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. Reasonable attorneys' fees are further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiffs fully expects that the Defendant will appeal this case. Plaintiffs seek attorneys' fees to compensate the Plaintiffs for the attorneys' fees they have and will incur in the prosecution of this lawsuit, both at trial and on appeal in accordance with the laws and Constitutions of the United States and Texas. As permitted, Plaintiffs also seek to recoup all litigation expenses expended in the prosecution of this lawsuit.

## X.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant from continuing with such actions and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant shall comply, follow, govern, and enforce such orders.

## XI.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

## XII.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendant:

1. Plaintiffs' Request for Disclosure to Defendant;

2. Plaintiffs' First Set of Interrogatories to Defendant; and

3. Plaintiffs' Request for Production to Defendant.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a). Judgment against Defendant for an amount compensating Plaintiffs for their damages and injuries in an amount in excess of the minimum jurisdictional limits of this Court with a maximum of three million dollars ($3,000,000.00), such to be awarded by the jury;

b). Entering a permanent injunction, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiff or otherwise violating his rights in a manner that is, may be, or can be construed as being negative or adverse;

c). Prejudgment interest as allowed by law;

d). Attorney, expert and litigation fees and expenses for trial and appeal;

e). Interest on said judgment at the legal rate from date of judgment;

f). Costs of suit herein;

g). Nominal damages and such other appropriate relief as Plaintiff is justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 7 day of February, 2003:

Elizabeth Neally
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

_____
Michael Pruneda

CAUSE NO. 2002-07-2652-E

| | | |
|---|---|---|
| SALVADOR ACOSTA and RIGO DE LA ROSA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| v. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| SANTA MARIA INDEPENDENT SCHOOL | ♦ | |
| DISTRICT *and employees, agents, and all those* | ♦ | |
| *acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR JURY TRIAL

COME NOW Plaintiffs, SALVADOR ACOSTA and RIGO DE LA ROSA, requesting that a jury trial be held on said cause. Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS