IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR ACOSTA and | § | |
| RIGO DE LA ROSA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-041 |
| | § | |
| SANTA MARIA INDEPENDENT | § | |
| SCHOOL DISTRICT, and employees, | § | |
| agents and all those acting in concert | § | |
| or at their discretion | § | |
| | § | |

## DEFENDANT'S SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW SANTA MARIA INDEPENDENT SCHOOL DISTRICT**, and employees, agents and all those acting in concert or at their discretion, Defendant in the above-styled and numbered cause, and files this its Second Amended Original Answer to Plaintiffs' First Amended Original Petition and would show the Court the following:

I.

### RESPONSES TO PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

1. Defendant denies the assertions raised in Paragraph I of Plaintiff's First Amended Original Petition and asserts that discovery is controlled by the Federal Rules of Civil Procedure.

2. Defendant agrees with and admits to the allegations set forth in Section II, of Plaintiff's First Amended Original Complaint to the extent that Plaintiffs state the names and address of the parties to this action. Defendant asserts that jurisdiction is proper in Federal Court.

3. Defendant agrees with and admits to the allegations set forth in Section II, of

Plaintiffs' First Amended Original Petition only to the extent that Plaintiff alleges that their claims are within the jurisdictional limits of this court and that venue is proper in this Court.

4. Defendant admits that Plaintiffs were employees of Santa Maria I.S.D. and that Plaintiffs were terminated; however, denies the remaining allegations as alleged in Section III. "Factual Allegations" of Plaintiff's First Amended Original Complaint.

5. Defendant denies the allegations Plaintiffs alleged in Section IV "Constitutional Causes of Action".

6. Defendant denies the allegations contained in Section V, "Breach of Contract" of Plaintiffs' First Amended Original Petition.

7. Defendant denies the allegations contained in Section VI, "Promissory Estoppel" of Plaintiffs' First Amended Original Petition.

8. Defendant denies the allegations contained in Section VII "Actual Damages" of Plaintiffs' First Amended Original Petition

9. Defendant admits to Section VIII, "Jury Request."

10. Defendant denies the allegations contained in Section IX "Attorney's Fees" Section of Plaintiff's First Amended Original Petition.

11. Defendant denies the allegations contained in Section X "Injunctive Relief" of Plaintiffs' First Amended Original Petition.

12. Defendant denies the allegations contained in Section XI "Declaratory Relief" of Plaintiffs' First Amended Original Petition.

13. Defendant further admits that discovery was propounded upon Defendant with Plaintiffs' Original Petition as indicated in Section XII of Plaintiffs' First Amended Original

Petition, and which were answered within the time frame required by law; however Defendant specifically denies that Plaintiff provided any additional discovery with the First Amended Original Petition.

14. Defendant denies the prayer for relief requested by Plaintiffs in their First Amended Original Petition.

## II.

## AFFIRMATIVE DEFENSES

15. Defendant, SANTA MARIA I.S.D. would further state that the Plaintiffs' claims relating to breach of contract and promissory estoppel are barred because the Plaintiffs failed to appeal the hearing officer's decision to the Texas Education Agency and within the time permitted pursuant to Tex. Ed. Code §21.301. Failure to appeal renders any cause of action over Plaintiffs' term contract moot.

16. Defendant, **SANTA MARIA INDEPENDENT SCHOOL DISTRICT**, would further show that pursuant to the Texas Torts Claims Act, Section 101.051 that the School District is immune from all liability for tort actions except as to motor vehicles. The District is entitled to sovereign immunity as to the claims asserted in this lawsuit.

17. The acts alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to the SANTA MARIA INDEPENDENT SCHOOL DISTRICT.

18. Defendant, SANTA MARIA I.S.D. further pleads that it is immune from liability under the doctrine of governmental or official immunity.

19. To the extent the acts alleged are intentional acts for which SANTA MARIA INDEPENDENT SCHOOL DISTRICT would be immune under the Texas Tort Claims Act.

20. Defendant SANTA MARIA I.S.D. would further show the Court that SANTA MARIA INDEPENDENT SCHOOL DISTRICT is a governmental entity and has sovereign immunity from any State law and common law torts.

21. Defendant SANTA MARIA I.S.D. would show that liability for its actions, as alleged in Plaintiff's First Original Petition, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

22. Defendant SANTA MARIA I.S.D. is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act and the Texas Education Code.

23. In the alternative, Defendant would further assert that any loss or damages allegedly sustained by Plaintiffs as alleged in Plaintiffs' First Amended Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiffs, and Defendant therefore invokes the doctrine of comparative responsibility.

24. Plaintiff should not be entitled to attorney's fees in the event Plaintiffs are not prevailing parties and Defendant herein is entitled to its attorney's fees under 42 U.S.C. §1988.

25. Defendant SANTA MARIA I.S.D. further affirmatively pleads its right to mitigation of damages and to the extent the Plaintiffs have failed to mitigate their damages that their damages, if any should be adjusted accordingly.

26. Pursuant to the Texas Constitution, Plaintiffs are limited to solely equitable relief

for any claims made under the Texas Constitution.

27. Defendant SANTA MARIA I.S.D. would further show that these employees were at-will employees and were fired for legitimate cause, thus precluding any cause of action under the United States Constitution or the Texas Constitution. Further, as at-will employees, there is no valid claim for breach of contract.

### III

### EXEMPLARY DAMAGES

28. Defendant affirmatively pleads, to the extent that Plaintiff's claims request punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages, that punitive damages constitute a contravention of the Texas and United States Constitutions in that:

    (A) Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

    (B) Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

    (C) Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

29. Defendant SANTA MARIA I.S.D. is further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

## IV.

30. Defendant further reserves the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions and discovery as Defendants may deem proper.

**WHEREFORE, PREMISES CONSIDERED**, Defendant SANTA MARIA INDEPENDENT SCHOOL DISTRICT, and employees, agents, and all those acting in concert or at their discretion, prays that Plaintiffs' suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Santa Maria Independent School District,**

By: _____
Elizabeth G. Neally
State of Texas Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Second Amended Original Answer to Plaintiff's First Amended Original Petition, to counsel of record, via U.S. Postal Service, Certified, Return Receipt Requested to wit:.

Michael Pruneda
THE LAW FIRM OF MICHAEL PRUNEDA
P. O. Box T
Pharr, Texas 78577

on this 23 day of April, 2003.

Elizabeth G. Neally